IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD C. PEARSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | |
| ERIC HOLDER, et. al. | § | NO. 3-09CV0682-O |
| | § | |
| Defendants | § | |

**MITCH BATES' MOTION TO DISMISS
FOR WANT OF SUBJECT MATTER JURISDICTION (12(b)(1))
AND FOR FAILURE TO STATE A CLAIM (12(b)(6))
AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Mitch Bates ("Chief Bates") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requesting the Court dismiss Plaintiff's claims against Chief Bates, and in support thereof respectfully show the Court as follows:

I.

FACTUAL BACKGROUND

Pearson's Criminal Conviction and Sentencing

On July 27, 2006, Congress enacted the Sex Offender Registration and Notification Act (SORNA).[1] SORNA provides for nationwide registration of sex offenders and provides criminal penalties for failure to register.[2] On December 20, 2007, a criminal judgment was entered against

---

[1] 42 U.S.C. §§ 16901 *et seq*.

[2] *Id*.

Ronald Pearson, Plaintiff, ("Pearson") adjudicating Pearson guilty of Receipt of Child Pornography Through Interstate and Foreign Commerce in violation of 18 U.S.C. § 2252A(a)(2).[3] At that time Pearson was sentenced to 70 months imprisonment in the custody of the United States Bureau of Prisons, and taken into custody.[4] Upon release from imprisonment Pearson shall be on supervised release for the remainder of his life.[5] A condition of his supervised release requires he "shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer."[6] On August 1, 2008, Pearson filed a Motion to Vacate his sentence under 28 U.S.C. §2255.[7] In that Motion Pearson contended, in part, that he received ineffective assistance of counsel because Pearson's attorney failed to object to the conditions of Pearson's supervised release and failed to take the necessary steps to appeal Pearson's sentence.[8] In response to that Motion, Magistrate Judge Kaplan recommended that "the motion should be dismissed without prejudice and the judgment in the underlying criminal action . . . should be reinstated so defendant may proceed

---

[3] Judgment in a Criminal Case, *United States v. Ronald C. Pearson*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:06-CR-369-O(1), docket #43.

[4] *Id.* at pp.1 -2.

[5] *Id.* at p. 3.

[6] *Id.*

[7] Petition Under 28 §U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket #1.

[8] Verified Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 2.

with an out-of-time appeal. [9] Although he filed objections to many of the Magistrate Judge's findings of fact, Pearson agreed with the Magistrate Judge's concluding recommendation that he be permitted to file an out-of-time appeal.[10]  As of May 5, 2009, the District Court has yet to act on the Magistrate Judge's recommendations. [11]

     Pearson's Claims in this Civil Proceeding

Pearson has filed this civil action against the United States Attorney General, the Texas Attorney General, a United States District Judge (mistakenly identified as the United States Attorney for the Northern District of Texas), the Dallas County Sheriff and Chief Bates, the City of Garland Chief of Police – all of whom are sued in their official capacity.[12] In this action Pearson requests the Court declare that SORNA and the "Texas registration statutes" violate the United States Constitution and the Texas Constitution. Specifically, Pearson claims SORNA and the Texas statutes violate due process, substantive due process, equal protection, ex post facto, double jeopardy, contracts, takings, cruel and unusual punishment, personal property rights, rights to safety, life, liberty, and freedom of travel, freedom of religion, and freedom of association clauses of the United States and Texas Constitutions.[13] Pearson asserts both facial

---

[9] Findings and Recommendation of the United States Magistrate Judge, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 18.

[10] Verified Objection to Findings and Recommendation of the United States Magistrate Judge, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 26.

[11] *See* Civil Docket for *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O

[12] Pearson's Original Complaint, p.4.

[13] Pearson's Complaint pp. 2-3.

and "as applied" challenges.[14] Additionally, Pearson requests the Court permanently enjoin all defendants from enforcing those laws.[15]

## II.

## ARGUMENT

A. STANDARD FOR DISMISSAL

1. RULE 12(B)(1) SUBJECT MATTER JURISDICTION

In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[16] Nevertheless, the Court must accept all factual allegations in the plaintiff's complaint as true.[17] A case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional power to adjudicate the case.[18]

---

[14] *Id.*

[15] *Id.* at 1-2.

[16] *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

[17] *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396 (1981).

[18] *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Pearson has the burden of demonstrating that the federal court has subject-matter jurisdiction.[19] If a claim is not yet ripe, the district court does not have subject matter jurisdiction over the claim.[20] "[R]ipeness is peculiarly a question of timing." [21]

The purpose of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." [22] Assuming that there is sufficient injury to meet Article III's requirement of a case or controversy, the ripeness inquiry focuses on whether the claim has been brought at a point so early that it is not yet clear whether a sufficiently mature and concrete dispute exists between the parties.[23]

### 2. RULE 12(B)(6) FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of a plaintiff's pleading on the grounds that the complaint fails to state a claim for which relief may be granted. In ruling on a 12(b)(6) motion, the Court must assume that all material facts contained in the complaint are true and indulge all inferences in favor of the plaintiff.[24] The Court need not accept as true allegations that are conclusory in nature.[25] Likewise,

---

[19] See John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000); Stockman v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir.1998).

[20] John Corp., 214 F.3d at 576-77.

[21] Thomas v. Union Carbide Agr. Products Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 3332 (1985) citing Regional Rail Reorganization Act Cases, 419 U.S. 102, 140, 95 S.Ct. 335, 357 (1974).

[22] Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515 (1967); see also, Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208, 1212 (11th Cir. 1995).

[23] Restigouche, 59 F.3d at 1212 citing Johnson v. Sikes, 730 F.2d 644, 648 (11th Cir.1984); see also 15 Moore's Federal Practice, § 101.70[2] (Matthew Bender 3d ed.).

[24] Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir.), cert. denied, 532 U.S. 1052, 121 S.Ct. 2193 (2000); Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S.

"conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)."[26] In addition, the Court cannot assume the existence of facts that have not been alleged.[27]

> B. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PEARSON'S CLAIMS AS THEY ARE NOT RIPE

Pearson's claims relate to his assertion that he must comply with SORNA and the Texas Sex Offender laws as a condition of his supervised release from prison after he has served his 70 month period of incarceration.[28] However, Pearson has taken steps to appeal his sentencing and specifically the conditions of his supervised release.[29] Until it is determined whether Pearson is

---

1159, 106 S.Ct. 2279 (1986).

[25] *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss); *See also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U. S. 1105 (1983).

[26] *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002)(*citing S. Christian Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir.), *cert. denied*, 534 U.S. 995, 122 S.Ct. 464 (2001)).

[27] *Associated General Contractors of California, Inc. v. California*, 459 U.S. 519, 526, 103 S.Ct. 897, 902 (1983)("As the case comes to us, we must assume that the Union can prove the facts alleged in its amended complaint. It is not, however, proper to assume that the Union can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged.").

[28] Plaintiff's Complaint pp. 3-4 and 33-34.

[29] *See* Verified Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 2; Findings and Recommendation of the United States Magistrate Judge, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 18; Verified Objection to Findings and Recommendation of the United States Magistrate Judge, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 26.

successful in his appeal, his complaints about the application of SORNA and the Texas Sex Offender laws are not ripe. Until his sentence, including the registration requirements of his supervised release, is final and unappealable, there is not a sufficiently mature and concrete dispute as to their application to Pearson. On appeal, his sentence, including his conditions of supervised release, are subject to being vacated or modified in such a way that SORNA and the Texas Sex Offender laws may be inapplicable to Pearson. Even if his sentence is upheld on appeal, the requirements of Pearson's conditional release that are the subject of his constitutional challenges do not come into play until after he has served his 70 months – nearly six years – of confinement.[30] Pearson's claims regarding the constitutionality of the laws at issue are being brought at a point so early with respect to his criminal proceedings that any adjudication of Pearson's claims at this time would be premature. As such, this Court lacks subject matter jurisdiction over Pearson's claims as they are not yet ripe for determination.

    C.    PEARSON HAS FAILED TO STATE A CLAIM AGAINST CHIEF BATES

Pearson brings his claims against Chief Bates in his official capacity. In doing so, Pearson has brought this action against the City of Garland. [31]

---

[30] The Federal Bureau of Prisons web site shows Pearson's "actual or projected" release date to be November 21, 2012.
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Ronald&Middle=c&LastName=Pearson&Race=U&Sex=U&Age=&x=77&y=13

[31] "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105 (1985) *citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035 (1978) n.5. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. *See also, Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361-62 (1991)("the real party in interest in an official-capacity suit is the governmental entity and not the named official").

Although Pearson alleges he is a resident of Garland, Texas, in fact he is confined in the Federal Correctional Institution in Seagoville, Texas. [32] Pearson has not challenged any City of Garland Ordinance, has not asserted any facts regarding Chief Bates or the City of Garland other than the false statement that Pearson is a resident of Garland, Texas.[33] Pearson has failed to demonstrate any genuine dispute with the City of Garland. His dispute – when and if it ever becomes ripe – is with state and federal law and the City of Garland is not the proper defendant in such a challenge.

In any event, Chief Bates and the City of Garland are fully immunized with respect to their participation in SORNA and the Texas registration statutes. [34]

---

[32] *Compare* Pearson Complaint p.3 ("Plaintiff, a resident of Garland, Texas") *and* p. 46 signature block ("Ronald C. Pearson 1132 Rock Creek Drive Garland, Texas 75040") *with* original complaint in Ronald C. Pearson v. U.S. Dep't of Homeland Security, *et al. Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01885-B, docket # 1, p.1 ("Plaintiff ... presently resides in Seagoville, Texas at the Seagoville Federal Correctional Institution.) *and* signature block to Verified Objection to Findings and Recommendation of the United States Magistrate Judge, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 26 ("Ronald Pearson Reg. No. 36037-177 F.C.I. Seagoville P.O. Box 9000 Seagoville, TX 75159-9000"); *see also* Federal Bureau of Prisons on line inmate locator which shows Pearson to be confined in Seagoville FCI until Nobember 21, 2012: http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Ronald&Middle=c&LastName=Pearson&Race=U&Sex=U&Age=&x=77&y=13

[33] Chief Bates believes Pearson has intentionally tried to deceive the Court regarding his current incarceration in order to avoid the requirements of 28 U.S.C. § 1915A(a) – "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[34] See 42 U.S.C. §16929; TEX. CODE CRIM PRO. art. 62.008.

FOR THESE REASONS, Chief Bates requests that the Court dismiss Plaintiff's claims against Chief Bates in their entirety and for such other and further relief, both at law and in equity, to which Chief Bates is justly entitled.

Respectfully submitted,

By: /s William F. Glazer
BRAD NEIGHBOR
City Attorney
State Bar No. 14869300
bneighbor@ci.garland.tx.us
MICHAEL J. BETZ
Deputy City Attorney
State Bar No. 00783655
mbetz@ci.garland.tx.us
WILLIAM F. GLAZER
Senior Assistant City Attorney
State Bar No. 08020015
wglazer@ci.garland.tx.us
MARK G. MANN
Assistant City Attorney
State Bar No. 24002520
mmann@ci.garland.tx.us
BRIAN C. ENGLAND
Assistant City Attorney
State Bar No. 24059722
bengland@ci.garland.tx.us

OFFICE OF THE CITY ATTORNEY
GARLAND, TEXAS
P.O. Box 469002
Garland, Texas 75046-9002
Telephone:   (972) 205-2380
Facsimile:    (972) 205-2389

ATTORNEYS FOR DEFENDANT
MITCH BATES

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2009, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to the following attorneys of record who are registered for electronic notice:

None

I further certify that I have served the following case participants not registered for electronic service by another manner – certified mail – authorized by Federal rule of Civil Procedure 5(b)(2):

Ronald C. Pearson
Reg. No. 36037-177
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000


        s/ William F. Glazer
        WILLIAM F. GLAZER