IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD PEARSON, § | | |
| Plaintiff, § | | |
| § | No. 3:09-CV-00682-O (BH) | |
| § | | |
| § | | |
| § | | |
| § | | |
| ERIC HOLDER, *et. al.*, § | | |
| Defendants. § | | |

## DEFENDANT VALDEZ'S MOTION TO DISMISS UNDER
## RULE 12(b)(1) AND RULE 12(b)(6) AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Defendant Dallas County Sheriff Lupe Valdez ("Sheriff Valdez"), in her official capacity,[1] and moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, Sheriff Valdez would show the Court as follows:

## I.
## PROCEDURAL HISTORY

Plaintiff Ronald Pearson ("Pearson") filed this 42 U.S.C. §1983 action on April 15, 2009. (Docket # 1). Pearson requests declaratory and injunctive relief against numerous federal, state, county, and city government officials, in their official capacities, including

---

[1] Because Sheriff Valdez has been sued in her official capacity, the real party in interest is Dallas County *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

*DEFENDANT VALDEZ'S MOTION TO DISMISS UNDER*
*FED.R.CIV.P. 12(b)(1) AND 12(b)(6) AND BRIEF IN SUPPORT* - Page 1

Sheriff Valdez. Specifically, Pearson requests that this Court "declare both SORNA and the Texas registration statues to be in violation of both the U.S. and Texas Constitutions and to permanently enjoin all defendants from enforcing those laws." (Docket # 1, p. 2). Sheriff Valdez was served with a summons on April 16, 2009 and instructed to file a response within 60 days of service. (Docket # 8).

On December 20, 2007, Pearson was sentenced under case number 3:06-CR-369-0(1) to 70 months' imprisonment and life-time supervised release for receipt of child pornography through interstate and foreign commerce. Pearson is currently incarcerated in federal prison in Seagoville, Texas and has sought an out-of-time appeal of that conviction. (Docket # 9, pp. 1, 8). Under the federal and state statutes that Pearson challenges, he must register as a sexual offender once he has served his 70-month sentence. *See* 42 U.S.C. §§16901 *et seq.*; TEX. CODE CRIM. PROC. art. 62.001 *et seq.*

## II.
## ARGUMENT

Sheriff Valdez respectfully submits that Pearson's claim for injunctive and declaratory relief must be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Not only does this Court lack subject matter jurisdiction because Pearson's claim is not ripe for determination and because he lacks standing to pursue this claim, but he also fails to state a claim upon which relief may be granted against Sheriff Valdez.

A. **PEARSON'S CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST SHERIFF VALDEZ SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1).**

Pearson's §1983 claim against Sheriff Valdez must be dismissed because this Court lacks subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional power to adjudicate the case. FED. R. CIV. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Fifth Circuit recognizes both a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts,* 992 F.Supp. 876, 878 (N. D. Tex. 1998),*aff'd*, 199 F.3d 279 (5th Cir. 2000). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" based upon the allegations of the complaint, which are presumed to be true. *Id.* If the defendant supports the motion with evidence, however, then the attack is factual and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless whether the attack is facial or factual, it is always the plaintiff's burden to prove that jurisdiction exists. *Rodriguez*, 992 F.Supp. at 879.

This Court lacks subject matter jurisdiction over Pearson's claim because Pearson's claim is not ripe for determination. If a claim is not yet ripe, the district court does not have subject matter jurisdiction over the claim. *John Corp. v. City of Houston*, 214 F.3d 573, 576

(5th Cir. 2000). To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983).

There is no case or controversy between Pearson and Sheriff Valdez as the injury of which he complains is not "real and immediate." At present, Pearson is incarcerated in federal prison, where he is serving a 70-month sentence for possession of child pornography.[2] (Docket # 9, pp. 1, 8). Pearson is not presently required to register as a sexual offender and is only required to register upon his release in each jurisdiction where the he resides, works, or goes to school. 42 U.S.C. § 16913(a). It is not certain that Pearson will be required to register in Dallas County upon his projected release from prison in 2012. (Docket # 5, p. 7 FN30). Regardless if Pearson pays property tax on property in Garland as he asserts, it cannot be known at this juncture whether Pearson will return to Dallas County. (Docket # 9, p. 2). Any contention to the contrary is mere speculation. As such, any adjudication of Pearson's claim at this time would be premature, and his claim for injunctive and declaratory relief must be dismissed.

---

[2] In his complaint, Pearson failed to notify the Court that he is currently incarcerated and, instead attested that he was residing at 1132 Rock Creek Drive, Garland, Texas 75040. (Docket # 1). Mail sent by the Court to this address was returned to the Court as "undeliverable" on April 21, 2009. (Docket #4). Pearson admitted in a subsequent document filed with the Court on May 29, 2009, that he is, in fact, currently an inmate in federal prison in Seagoville, Texas. (Docket # 9).

This Court also lacks subject matter jurisdiction because Pearson lacks standing to pursue his claim against Sheriff Valdez for the same reasons discussed above. Standing, which is an essential component of federal jurisdiction, requires three elements: (1) injury in fact; (2) a "fairly traceable" causal link between that injury and the defendant's conduct; and (3) the likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A defect in Article III standing can be raised at any time by any party and must be addressed by the Court at the time it is presented. *Henderson v. Stalder*, 287 F.3d 374, 379 n. 5 (5th Cir. 2002).

Pearson fails to allege specific facts establishing that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct by Sheriff Valdez. *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998). To the contrary, Pearson is currently serving a 70-month sentence in a federal prison with a projected release date of 2012. Pearson is currently under no obligation to register in Dallas County. *Supra* at 4. Because he has not alleged sufficient facts to establish standing to pursue his claim, Pearson's request for injunctive relief against Sheriff Valdez must be dismissed.

**B.** **PEARSON'S CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF ALSO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

In the alternative, Pearson's claims against Sheriff Valdez must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). A dismissal pursuant to Rule

12(b)(6) is appropriate where it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003). In evaluating a 12(b)(6) motion, the court accepts as true all allegations contained in Plaintiff's complaint and draws all reasonable inferences in favor of Pearson's claims. *Bauer*, 341 F.3d at 356. Plaintiff's complaint cannot simply contain a litany of conclusory allegations, however, but must be pled with a certain level of factual specificity. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Conclusory allegations will not suffice to prevent a motion to dismiss and neither will unwarranted deductions of fact. *U.S. Ex.Rel. Willard v. Humana Health Plan*, 336 F.3d 375, 379 (5th Cir. 2003).

Pearson has failed to state a claim against Sheriff Valdez under 42 U.S.C. §1983. To state such a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp*, 180 F.3d 234, 241 (5th Cir. 1999). Pearson fails to allege any actual or imminent wrongdoing by Sheriff Valdez. *See Creekmore v. A.G.*, 341 F.Supp.2d 648, 659 (W.D. Tex. 2004) (dismissing §1983 claim attacking the constitutionality of federal and state sexual offender registration under Fed.R.Civ.P. 12(b)(6) where the plaintiff failed to allege that the Beaumont Chief of Police had any involvement in enforcing the plaintiff's registration as a sex offender). The entirety of Pearson's allegations concerns

the constitutionality of the state and federal sexual offender registration scheme. Sheriff Valdez has no involvement in the passage of such legislation. Moreover, Pearson's 46-page Complaint does not contain a single allegation that Sheriff Valdez has taken any action, or threatened to take any such action requiring Pearson to register under the challenged statutes. (Docket # 1). The only reference to Sheriff Valdez is contained in Pearson's request that all Defendants be enjoined from enforcing state and federal registration requirements **should Pearson takes up residence in the City of Garland sometime in the future.**[3] (Docket # 1, pp. 2, 46).

Not only has Pearson failed to state a §1983 claim against Sheriff Valdez, but Pearson also fails to allege specific facts showing that he is entitled to declarative or injunctive relief against Sheriff Valdez for the same reasons previously discussed. *Supra* at 3-4, 6. To be entitled to injunctive relief, Pearson must establish that he will suffer irreparable injury and that he has inadequate legal remedies. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). Pearson fails to do so. (Docket # 1). It is undisputed that Pearson is currently confined in federal prison serving a 70-month sentence and is only required to register in the jurisdiction in which he resides, works, or goes to school **after he is released from prison in 2012**. For these reasons, Sheriff Valdez should be dismissed from the suit.

---

[3] Allowing Pearson to bring §1983 claim against Sheriff Valdez based upon such speculative allegations of harm would allow Pearson to bring the same claim against every law enforcement agency in the State by alleging potential, future injury should he move to that jurisdiction and be required to register as a sex offender.

*DEFENDANT VALDEZ'S MOTION TO DISMISS UNDER*
*FED.R.CIV.P. 12(b)(1) AND 12(b)(6) AND BRIEF IN SUPPORT - Page 7*

# III.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Dallas County Sheriff Lupe Valdez moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

CRAIG WATKINS
DISTRICT ATTORNEY


/s/ Tammy J. Ardolf
TAMMY J. ARDOLF
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 90001536
FEDERAL SECTION
FRANK CROWLEY COURTS BUILDING
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3690
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANT
SHERIFF LUPE VALDEZ IN HER
OFFICIAL CAPACITY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Defendant Valdez's Motion to Dismiss and Brief in Support was served via certified mail, return receipt requested # 7006 2150 0003 9001 1687, in accordance with Fed.R.Civ.P. 5, on this 8th day of June 2009 to the following:

Ronald Pearson
Register No. 36037-177
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159-9000

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF