IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD C. PEARSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | |
| ERIC HOLDER, et. al. | § | NO. 3-09CV0682-O |
| | § | |
| Defendants | § | |

MITCH BATES' REPLY IN SUPPORT OF HIS
MOTION TO DISMISS
FOR WANT OF SUBJECT MATTER JURISDICTION (12(b)(1))
AND FOR FAILURE TO STATE A CLAIM (12(b)(6))

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Mitch Bates ("Chief Bates") files this Reply in Support of his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) requesting the Court dismiss Pearson's claims against Chief Bates.

I.

CHIEF BATES' MOTION

Lack of Subject Matter Jurisdiction

Chief Bates' Motion challenges this Court's subject matter jurisdiction over Pearson's claims on the basis that Plaintiff's claims are not yet ripe. Pearson's claims relate to his assertion that he must comply with SORNA and the Texas Sex Offender laws as a condition of his supervised release from prison after he has served his 70 month period of incarceration. Chief Bates' Motion asserts that Pearson's claims are being brought at a point so early that it is not yet

clear whether a sufficiently mature and concrete dispute exists between Pearson and Chief Bates.

### Failure to State a Claim

Chief Bates' Motion also asserts that Pearson's Complaint fails to state a claim against Chief Bates because Pearson has not identified a particularized actual or imminent deprivation of Pearson's protected right by Chief Bates and that Chief Bates is fully immunized with respect to any participation in SORNA or the Texas registration statutes. In addition, Pearson has waived his right to complain about his sentence in a collateral attack and both SORNA and the Texas registration statutes immunize Chief Bates from any civil action related to his participation in their enforcement.

## II.

## PEARSON'S RESPONSE

Putting aside the non-responsive boilerplate, Pearson's response to Chief Bates' Motion is two-fold.[1] First, Pearson claims the challenged statutes are not the basis of his criminal appeal.[2]

---

[1] Although not technically a legal response to Chief Bates' Motion, Pearson also claims Chief Bates fosters a "personal anamosity [sic] and bias against Pearson. . . .[and] [i]t is exactly this public bias exhibited by defendant Bates that makes him a necessary party defendant in this action." Pearson Response p. 2-3. Chief Bates is not aware of ever having any involvement or interaction with Pearson outside of this lawsuit and fosters no personal animosity towards Pearson. Even if Pearson could somehow establish Chief Bates actually had personal animosity towards him, personal animosity alone is never a sufficient basis for federal court subject matter jurisdiction as there must be some actionable conduct by the defendant. Were animosity enough to transform a person into "a necessary party defendant" this case undoubtedly would require countless additional defendants given the severity and deviant nature of Pearson's conduct: "An examination of [Pearson's] computer hard drive revealed more than 16,500 child pornographic images, including images of children under the age of 12 and more than 100 images involving bondage of infants, preschoolers, prepubescents, and early teenagers." Findings and Recommendation of the United States Magistrate Judge, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 18, p. 3.

[2] Pearson Response p.5

Second, Pearson claims Chief Bates is a proper defendant (a) "because of his responsibility to enforce the state registration laws and arrest Pearson for violation thereof"[3]; (b) because Chief Bates "is charged with enforcing Texas' S.O. laws, including the registration requirement under the federal SORNA statute";[4] and (c) because Chief Bates "is the more likely public official to enter Plaintiff's abode in Garland, place him in cuffs, and arrest him for non-compliance with the Texas S.O. laws."[5]

### III.

### CHIEF BATES' REPLY

1.   Subject Matter Jurisdiction

On May 8, 2009, the same day Chief Bates' Motion was filed with this Court, the judgment in Pearson's underlying criminal action was re-entered so that Pearson may proceed with his out-of-time appeal.[6] Pearson filed his Notice of Appeal and two separate appeals have been docketed by the United States Court of Appeals for the Fifth Circuit.[7] The first appeal (docket #09-10518) challenges Pearson's sentence while the second appeal (docket #09-10542) challenges Pearson's conviction and sentence.[8]

---

[3] *Id.* at 2.

[4] *Id.* at 7.

[5] *Id.*

[6] Re-Entry of Judgment in a Criminal Case, *United States v. Ronald C. Pearson*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:06-CR-369-O(1), May 8, 2009. docket #50.

[7] Docket sheets, *USA v. Ronald Pearson*, United States Court of Appeals for the Fifth Circuit Docket #s 09-10518 and 09-10542, .

[8] *Id.*

While the issue of Pearson's conviction and sentence is on appeal, any Constitutional claims as to the conditions of his sentence cannot be ripe as that sentence is not final.[9] It would be a tremendous waste of scarce judicial resources for this Court to entertain a challenge to a sentence when that sentence, or even that conviction, may be vacated or modified on appeal.

Even if Pearson's conviction and sentence were not currently the subject of his appeals, Pearson is incarcerated for 70 months and is only required to register as a sex-offender upon his projected release in late 2012. If Pearson's conviction and sentence are affirmed, he still would not be required to register as a sex offender until his release over three years from now. Therefore, Pearson's claims are not yet ripe. Simply put, Pearson cannot satisfy the case or controversy requirement of Article III because he cannot show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the application – over three years from now – of the challenged statutes, which statutes could be modified in some material aspect over the next three years.

    2.    <u>Failure to State a Claim</u>

Pearson's assertion that Chief Bates is a proper defendant because Chief Bates is charged with enforcing state and federal law in Garland [10] is insufficient to state a claim against Chief

---

[9] *See* notes 6 and 7 *supra*.

[10] When challenged about his assertion that he "resides" in Garland, Pearson now claims that he owns property in Garland, pays taxes in Garland and has his "homestead" in Garland, thus providing a significant nexus with Garland for purposes of stating an actionable claim against Chief Bates. Owning property and paying taxes on property are not sufficient connection to a jurisdiction to trigger Pearson's registration requirements. *See* Judgment in a Criminal Case, *United States v. Ronald C. Pearson*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:06-CR-369-O(1), docket #43, pp. 3-4 ("defendant shall register . . . where the defendant resides, works, or is a student . . . ." and "defendant shall register . . . where the defendant resides, is employed, carries on a vocation, or is a student.").

In addition, Pearson has not properly designated any "homestead" in Garland. *See* Dallas

Bates. Under Pearson's theory, every police officer, sheriff, constable or other law enforcement officer and agency in every jurisdiction where federal law is applicable would be a proper defendant in a challenge to SORNA and every police officer, sheriff, constable or other law enforcement officer and agency in Texas would be a proper defendant to a challenge to the Texas sex offender legislation. Likewise, every federal and Texas judge, magistrate and prosecutor would also be proper defendants as they are also charged with enforcing state and federal law.

Because Pearson has not challenged any City of Garland Ordinance, has not asserted any specific facts regarding Chief Bates' or the City of Garland's actions, Pearson has failed to demonstrate any genuine dispute with Chief Bates. Therefore, Chief Bates is not a proper party to this litigation. *See Creekmore v. Attorney General of Texas*, 341 F. Supp. 2d 648, 658-59 (E. D. Tex. 2004)(allegation that "chief law enforcement officer for the city, has 'certain rights and duties under the Texas Sex Offender Registration Program....' insufficient to state a claim against chief challenging state and federal sex offender registration legislation).

Furthermore, Pearson has generally waived his right to challenge his sentence, which includes his registration requirements, in a collateral attack such as this lawsuit.[11] Such a waiver

---

County Property Records and TEX. PROP. CODE §41.005(c). Even if Pearson intended to come back to Garland after his release from prison, under those facts alone, the local chief of police is not sufficiently connected to the state and federal legislation being challenged to state a claim against the jurisdictions chief of police. *See Creekmore v. Attorney General of Texas*, 341 F. Supp. 2d 648, 658-59 (E. D. Tex. 2004)(allegation that "chief law enforcement officer for the city, has 'certain rights and duties under the Texas Sex Offender Registration Program....' insufficient to state a claim against chief challenging state and federal sex offender registration legislation).

[11] *See* Transcript of Sentencing, *Ronald C. Pearson v. United States*, United States District Court, Northern District of Texas – Dallas Division, Case Number 3:08-CV-01327-O, docket # 49, pp. 26 and 30 ("It is ordered that upon release from imprisonment, the defendant shall be placed on supervised release for life. . . . Mr. Pearson, you have waived the right to appeal your sentence and to complain of it in a collateral attack. . . .").

is relevant here as it is forseeable that given the severity and deviant nature of Pearson's conduct, Pearson's plea deal and sentence would have changed if it were possible that he would be able to challenge and possibly escape the sex offender registration requirements the Court imposed.

Finally, Chief Bates and the City of Garland are fully immunized with respect to their participation in SORNA and the Texas registration statutes. [12]

FOR THESE REASONS, and those set forth in Chief Bates' Motion, Chief Bates requests that the Court dismiss Plaintiff's claims against Chief Bates in their entirety and for such other and further relief, both at law and in equity, to which Chief Bates is justly entitled.

---

[12] See 42 U.S.C. §16929; TEX. CODE CRIM PRO. art. 62.008.

>
> Respectfully submitted,
>
> By:   /s William F. Glazer
>      BRAD NEIGHBOR
>      City Attorney
>      State Bar No. 14869300
>      bneighbor@ci.garland.tx.us
>      MICHAEL J. BETZ
>      Deputy City Attorney
>      State Bar No. 00783655
>      mbetz@ci.garland.tx.us
>      WILLIAM F. GLAZER
>      Senior Assistant City Attorney
>      State Bar No. 08020015
>      wglazer@ci.garland.tx.us
>      MARK G. MANN
>      Assistant City Attorney
>      State Bar No. 24002520
>      mmann@ci.garland.tx.us
>      BRIAN C. ENGLAND
>      Assistant City Attorney
>      State Bar No. 24059722
>      bengland@ci.garland.tx.us
>
> **OFFICE OF THE CITY ATTORNEY**
> **GARLAND, TEXAS**
> P.O. Box 469002
> Garland, Texas 75046-9002
> Telephone:   (972) 205-2380
> Facsimile:   (972) 205-2389
>
> **ATTORNEYS FOR DEFENDANT**
> **MITCH BATES**

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2009, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to the following attorneys of record who are registered for electronic notice:

Tammy J Ardolf, attorney for Lupe Valdez

Ann C. Roberts, attorney for the United States

      I further certify that I have served the following case participants not registered for electronic service by another manner – certified mail – authorized by Federal rule of Civil Procedure 5(b)(2):

    Ronald C. Pearson
    Reg. No. 36037-177
    FCI Seagoville
    P.O. Box 9000
    Seagoville, TX 75159-9000

                                                      s/ William F. Glazer
                                                      WILLIAM F. GLAZER