IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD PEARSON,<br>    Plaintiff,<br><br><br><br><br>ERIC HOLDER, *et. al.*,<br>    Defendants. | §<br>§<br>§      No. 3:09-CV-00682-O (BH)<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT VALDEZ'S REPLY IN SUPPORT OF HER MOTION
TO DISMISS UNDER RULE 12(b)(1) AND RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Defendant Dallas County Sheriff Lupe Valdez ("Sheriff Valdez"), in her official capacity,[1] and files this Reply in Support of her Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, Sheriff Valdez would show the Court as follows:

**I.
ARGUMENT**

Plaintiff Ronald Pearson ("Pearson") requests that this Court "declare both SORNA and the Texas registration statues to be in violation of both the U.S. and Texas Constitutions and to permanently enjoin all defendants from enforcing those laws." (Docket # 1, p. 2). This Court lacks subject matter jurisdiction because Pearson's claim is not ripe for

---

[1] Because Sheriff Valdez has been sued in her official capacity, the real party in interest is Dallas County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

*DEFENDANT VALDEZ'S REPLY IN SUPPORT OF MOTION TO DISMISS - Page 1*

determination and he lacks standing to pursue this claim. Pearson's action against Sheriff Valdez also must be dismissed because he fails to state a claim against her under 42 U.S.C. §1983.

**A.   This Court Lacks Subject Matter Jurisdiction because Pearson's Claim is Not Ripe for Determination and He Lacks Standing.**

Pearson fails to allege specific facts showing that he has sustained or is **immediately** in danger of sustaining a real, immediate, and direct injury. To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101-102 (1983). It is always the plaintiff's burden to prove that jurisdiction exists. *Rodriguez v. Tex. Comm'n on the Arts,* 992 F.Supp. 876, 879 (N. D. Tex. 1998), *aff'd,* 199 F.3d 279 (5th Cir. 2000). Pearson has failed to meet that burden.

Pearson has failed to allege anything more than future, speculative harm should he reside in Garland, Texas upon his release. Pearson contends in his Reply that he has sufficient standing because he has alleged Garland, Texas is his "permanent residence." (Docket #17, p. 2). It is undisputed that Pearson is currently confined in federal prison, serving a 70-month sentence for possession of child pornography. Pearson is not required to register as a sex offender, under either state or federal law, until **after** his release from federal prison, which is projected no sooner than late in 2012. Further, Pearson is required

to register where he actually lives, works, or goes to school, which may or may not be in Dallas County upon his release.

Not only has Pearson failed to establish standing, but he also fails to refute Sheriff Valdez's showing that his claim is not yet ripe. Pearson argues that his claim "ripened the moment he was sentenced and ordered to register," but he fails to offer any case law in support of this broad assertion. (Docket #17, p. 2). If Pearson's assertion was correct, he would have unlimited access to the courts and could pursue with impunity injunctive and declaratory relief against any and all law enforcement agencies in the State of Texas.

**B.    Pearson Fails to State a Claim against Sheriff Valdez for Declaratory or Injunctive Relief under 42 U.S.C. §1983.**

Pearson also fails to state a claim upon which relief may be granted against Sheriff Valdez. In his Reply, Pearson asserts in a vague, conclusory manner that he "seeks relief from the violation of several federal and state Constitutional violations by federal agents and state officials acting as federal agents to enforce federal SORNA law and related state statutes." (Docket #17, p. 1). Conclusory allegations will not suffice to prevent a motion to dismiss and neither will unwarranted deductions of fact. *U.S. Ex. Rel. Willard v. Humana Health Plan*, 336 F.3d 375, 379 (5th Cir. 2003). Pearson fails to allege **any** facts showing that Sheriff Valdez has violated his constitutional rights or has threatened such conduct in the immediate future.

## II.
## CONCLUSION

For these reasons, and those set forth in Valdez's Motion to Dismiss, Sheriff Valdez requests that the Court dismiss Pearson's claims against her in their entirety and for such other and further relief, both at law and in equity, to which Sheriff Valdez is justly entitled.

Respectfully submitted,

CRAIG WATKINS
DISTRICT ATTORNEY

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 90001536
FEDERAL SECTION
FRANK CROWLEY COURTS BUILDING
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3690
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANT
SHERIFF LUPE VALDEZ IN HER
OFFICIAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant Valdez's reply was served on counsel for Defendants by its electronic filing, as is required. I further certify that a true and correct copy of the Defendant Valdez's Reply was served via certified mail, return receipt requested # 7006 2150 0003 9001 1717, in accordance with Fed.R.Civ.P. 5, on the 7th day of July 2009 to the following:

Ronald Pearson
Register No. 36037-177
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159-9000

/s/ Tammy J. Ardolf
TAMMY J. ARDOLF