IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD C. PEARSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:09-CV-0682-O-BH |
| | § | ECF |
| ERIC HOLDER, United States | § | |
| Attorney General, *et al.*, | § | |
|     Defendants. | § | |

**FEDERAL DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
FEDERAL DEFENDANTS' MOTION TO DISMISS
AND BRIEF IN SUPPORT THEREOF**

Federal Defendants Eric H. Holder, Jr., Attorney General for the United States of America, and James T. Jacks, Acting United States Attorney for the Northern District of Texas, by and through the United States Attorney for the Northern District of Texas, file this Reply to Plaintiff's Response[1] to Federal Defendants' Motion to Dismiss and Brief in Support Thereof, and would show the Court as follows:

**I. ARGUMENT**

In his complaint, plaintiff challenges the constitutionality of SORNA and the Texas sex offender statutes and requests that this Court declare them unconstitutional. This Court lacks subject matter jurisdiction as plaintiff's claims are not ripe and he does not have standing to pursue the claims. Moreover, plaintiff's entire complaint should be

---

[1] According to the Court's 16, 2009 Order, Plaintiff's Response was to be filed no later than Monday, July 6, 2009. Plaintiff's Response is untimely as it was not filed until July 10, 2009.

**Federal Defendants' Reply to Plaintiff's Response to Federal Defendants' Motion to Dismiss - Page 1**

dismissed as he fails to state claims for which relief may be granted. In his Response to the Federal Defendants' Motion to Dismiss, plaintiff argues that his claims are ripe and that he has standing under the Declaratory Judgment Act to pursue his claims.[2] Because plaintiff did not address the other substantive grounds for dismissal raised in the Federal Defendants' Motion to Dismiss, the Federal Defendants will not readdress them in this Reply brief. *See* Federal Defendants' Motion to Dismiss and Brief in Support, pages 13-18(discussing Plaintiff's Lack of Standing to Challenge SORNA Based on Provisions of the Act that do not Apply to Him or as a Result of Injury Allegedly Caused by the State of Texas); 19-29(discussing Plaintiff's Failure to State a Claim Upon Which Relief Can be Granted).

All of plaintiff's claims relate to his assertion that he must comply with SORNA and the Texas sex offender laws as a condition of his supervised release from prison, a supervised release that will not begin until he has served his 70 month period of incarceration. *See* Complaint, pp. 3-4; 33-44; *see also* Document #9 (which states that the plaintiff is currently serving the 70 month period of incarceration.); Response p. 2. Plaintiff's claims are not ripe for determination as he is currently incarcerated in federal prison, serving a 70 month sentence for possession of child pornography that would purportedly not expire until 2013. Plaintiff is not presently required to register as a sexual

---

[2] Regardless of his assertion that his claims may be pursued under the Declaratory Judgment Act, plaintiff still lacks standing to challenge claims unrelated to the facts of his conviction, as raised and discussed in Federal Defendants' Motion to Dismiss, pages 13-19.

**Federal Defendants' Reply to Plaintiff's Response to Federal Defendants' Motion to Dismiss - Page 2**

offender; he is only required to register upon his release from prison, something that has yet to occur.

To prevail in this case, plaintiff must establish standing to sue for damage he alleges will occur when he is released from prison in 2013. *See Daimler Chrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1860-1861 (2006); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). *See also Allen v. Wright*, 468 U.S. 737, 750 (1984); *Bonds v. Tandy*, 457 F.3d 409 (5th Cir. 2006). To establish standing, plaintiff must establish that: (1) he has suffered an injury in fact, an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 102 (1998); *See also Cole v. General Motors Corp.*, 2007 WL 1054697 (5th Cir. 2007) *citing Lujan v. Defenders of Wildlife*, 504 U.S. 550, 560 (1992).

Plaintiff is currently attempting to appeal his sentence in the form of a habeas petition, and specifically the conditions of his supervised released. There are currently two appeals docketed for plaintiff with the Fifth Circuit Court of Appeals: one challenging plaintiff's sentence and one challenging the plaintiff's conviction and sentence. *See* Docket Sheets, *USA v. Ronald Pearson,* United States Court of Appeals for the Fifth Circuit, Docket #s 09-10518 and 0-10542. Until plaintiff is either released from prison or has at least completed his collateral challenge to his conviction and period of

**Federal Defendants' Reply to Plaintiff's Response to Federal Defendants' Motion to Dismiss - Page 3**

supervised release, the appeal of his sentence, specifically the registration requirements of his supervised release is final and unappealable, he faces no imminent threat of being subject to sex offender registration requirements.  There is no way to predict what form such requirements would take, or whether they would even still exist once plaintiff's sentence expires.  Four years from now, SORNA may have been amended, altered, or even repealed.  Consequently, there is no actual or imminent injury or a sufficiently mature and concrete dispute as to the application of SORNA or the Texas Sex Offender laws to plaintiff that would provide the Court with jurisdiction over this dispute.

For these reasons and all the reasons stated in the Federal Defendants' Motion to Dismiss, the Court should dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

JAMES T. JACKS
Acting United States Attorney

    /s/ *ANN C. ROBERTS*
ANN C. ROBERTS
Assistant United States Attorney
Texas State Bar No. 24032102
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel:    806.472.7397
Fax:   806.472.7324
Email: ann.roberts@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on the __15th__ day of __July__ 2009, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

William F. Glazer
Garland City Attorney's Office
200 N. Fifth Street, 4th Floor
P.O. Box 469002
Garland, Texas 75202-9002
via email: wglazer@ci.garland.tx.us
(Attorney for Defendant Mitch Bates)

Tammy Jean Ardolf
Dallas County Criminal District Attorney's Ofc.-Fed
133 N. Industrial Blvd, LB 19
Dallas, Texas 75207
via email: tjardolf@dallascounty.org
(Attorney for Defendant Lupe Valdez)

A copy of the foregoing document is being served by United States Postal Service on the following pro se party:

Ronald C. Pearson, Pro Se Plaintiff
Reg. No. 36037-177
FCI Seagoville
P.O. Box 9000
Seagoville, Texas 75159-9000

        /s/ *ANN C. ROBERTS*
        ANN C. ROBERTS
        Assistant United States Attorney