**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD C. PEARSON, ID # 36037-177,** | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:09-CV-0682-O-BH |
| | ) | |
| **ERIC HOLDER, et al.,** | ) | |
| **Defendants.** | ) | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are

(1) *Mitch Bates' Motion to Dismiss for Want of Subject Matter Jurisdiction (12(b)(1)) and for Failure to State a Claim (12(b)(6))* ("Bates Mot."), filed on May 8, 2009, (doc. 5);

(2) *Defendant Valdez's Motion to Dismiss Under Rule 12(b)(1) and Rule 12(b)(6)* ("Valdez Mot."), filed June 8, 2009, (doc. 10); and

(3) *Federal Defendants' Motion to Dismiss* ("Federal Mot."), filed by the federal defendants (United States Attorney General Eric H. Holder, Jr. and James T. Jacks, Acting United States Attorney for the Northern District of Texas)[1] on June 15, 2009, (doc. 12).

Based on the relevant filings and applicable law, each of the Rule 12(b)(1) motions to dismiss should be **GRANTED**.

**I. BACKGROUND**[2]

On May 29, 2007, Plaintiff pled guilty to receiving child pornography through interstate and foreign commerce. On December 21, 2007, the Court sentenced him to seventy months of imprison-

---

[1] Plaintiff named Jane J. Boyle as the United States Attorney for the Northern District of Texas. (*See* Compl. at 4.) Because the named defendant no longer holds that position, the Clerk of the Court shall substitute James T. Jacks in her place pursuant to Fed. R. Civ. P. 25(d).

[2] Background information related to Plaintiff's federal criminal conviction is taken from matters of public record in Cause Nos. 3:06-CR-0369-0-01 and 3:08-CV-1327-O.

ment to be followed by life-time supervised release. As part of the conditions of supervised release, the Court ordered Plaintiff to register as a sex offender. On or about August 1, 2008, Plaintiff challenged his conviction through a motion to vacate which alleged *inter alia* that he received ineffective assistance of appellate counsel when his attorney did not file a notice of appeal as requested.[3]

In April 2009, Plaintiff filed this civil action against the United States Attorney General (Eric Holder), the United States Attorney for the Northern District of Texas (currently James Jacks), the Attorney General of Texas (Greg Abbott), the Dallas County Sheriff (Lupe Valdez), and the Garland Chief of Police (Mitch Bates) in their official capacities pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of federal and Texas sex offender registration laws. (Compl. at 1-2, 4.) He seeks to declare the registration statutes unconstitutional and to permanently enjoin all defendants from enforcing them because of the potential effect on his safety, job prospects, housing prospects, and ability to attend religious functions once he has been released and is required to register under federal and state law. (*Id.* at 4, 33-34.) All defendants have moved to dismiss the claims asserted against them. Plaintiff has filed a response to each motion, the defendants have replied, and the issues are now ripe for determination.

## II. RULE 12(b)(1) MOTION TO DISMISS

Although Defendants Bates, Valdez, Holder, and Jacks (collectively referred to herein as Defendants) seek dismissal under Fed. R. Civ. P. 12(b)(6), they also challenge this Court's jurisdiction over this case. (*See* Bates Mot. at 6-7; Valdez Mot. at 3-5; Federal Mot. at 12-19.) A motion to dismiss for lack of subject matter jurisdiction is properly brought pursuant to Rule 12(b)(1).

---

[3] On May 8, 2009, Plaintiff obtained the right to pursue an out-of-time appeal through his motion to vacate. On May 15, 2009, Plaintiff appealed his federal conviction – an appeal that remains pending before the Fifth Circuit Court of Appeals.

2

**A. <u>Legal Standard</u>**

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* When the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive

3

truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming*, 281 F.3d at 161.

In this case, Defendants do not supports their 12(b)(1) motions with evidence. They merely present a facial attack that does not require the Court to resolve matters outside the pleadings. *See Ramming*, 281 F.3d at 161; *Williamson*, 645 F.2d at 412-13.

**B. Ripeness**

In this case, Defendants argue that Plaintiff's claims are not ripe because he will not be required to comply with the sex offender registration requirements until he completes his seventy-month sentence.[4] (*See* Bates Mot. at 6-7; Valdez Mot. at 3-4; Federal Mot. at 12-13.) Bates and Valdez submit that Plaintiff's actual or projected release date is November 21, 2012. (*See* Bates Mot. at 7; Valdez Mot. at 4 (citing to Bates Mot.).)

The ripeness doctrine primarily flows "from Article III of the Constitution, which limits the federal judicial power to the resolution of cases and controversies." *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007). The case-or-controversy requirement mandates that asserted claims are ripe before a federal court exercises jurisdiction over them. *See Nat'l Park Hospitality Ass'n v.*

---

[4] Defendants also argue that Plaintiff's claims are not ripe because his conviction is not yet final due to his pending appeal. (*See* Bates Mot. at 6-7; Valdez Mot. at 3-4; Federal Mot. at 12-13.) Plaintiff maintains that his pending appeal has nothing to do with the registration requirements and merely challenges the length of time he must spend on federal supervised release after he serves his sentence. (*See* Resp. Bates Mot. at 1-2; Resp. to Valdez Mot. at 3 (relying on arguments in Resp. Bates Mot.); Resp. Federal Mot. at 3.)

*Dep't of Interior*, 538 U.S. 803, 807-08 (2003); *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57-58 & n.18 (1993). Given this Article III requirement, "a ripeness inquiry is often required when a party is seeking *pre-enforcement* review of a law or regulation." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008). The ripeness doctrine avoids premature adjudication and prevents courts "from entangling themselves in abstract disagreements." *Nat'l Park Hospitality Ass'n*, 538 U.S. at 807 (citation omitted).

To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations and internal quotation marks omitted) (addressing standing to sue);[5] *accord Severance v. Patterson*, 566 F.3d 490, 500 (5th Cir. 2009) (recognizing several factors relevant to the ripeness inquiry, including whether the controversy has a direct and immediate impact on the plaintiff). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted).

When a case is merely abstract or hypothetical, it should be dismissed as unripe. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003). The key considerations are whether the issues are fit for judicial decision and the level of hardship to the parties resulting from withholding court consideration. *Roark & Hardee LP*, 522 F.3d at 545. With respect to the latter consideration, dismissal

---

[5] "In general terms, standing is concerned with whether a proper party is bringing suit, while ripeness is concerned with whether the suit is being brought at the proper time." *Texas*, 497 F.3d at 496. The doctrines often overlap, however, when determining whether the plaintiff has suffered a concrete injury. *Id.* Consequently, opinions dealing with standing are relevant to ripeness.

on grounds of ripeness is appropriate when "no irremediabl[y] adverse consequences flow from requiring a later challenge." *Catholic Soc. Servs., Inc.*, 509 U.S. at 58.

The undisputed facts in this case show that Plaintiff was sentenced to seventy months imprisonment in December 2007; that sentence will expire no later than February 2013; and Plaintiff's actual or projected release date is November 21, 2012. Under the federal statute,[6] Plaintiff must register in each jurisdiction where he resides, goes to school, or is employed, and "[f]or initial registration purposes only" he must "also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence." *See* 42 U.S.C. § 16913(a) (2006). He must initially register as a sex offender under federal law "before completing" his sentence, and must keep the registration current except when he "is in custody or civilly committed." *See id.* §§ 16913(b)(1), 16915(a). Under Texas law, Plaintiff must register where he "resides or intends to reside for more than seven days." Tex. Code Crim. Proc. Ann. art. 62.051(a) (Vernon 2006).[7] He must satisfy the Texas registration requirements no later than (1) the seventh day after he arrives in a municipality or county or (2) "the first date the local law enforcement authority of the municipality or county by policy allows the person to register or verify registration, as applicable." *Id.*

Because Plaintiff's release date is more than three years away, the alleged controversy created by the federal and state sex offender registration laws has no immediate impact on him. In light of the significant time before his release, the registration laws could be amended or otherwise changed, thereby altering or eliminating Plaintiff's anticipated registration requirements. At this

---

[6] The federal law is known as the Sex Offender Registration and Notification Act, or SORNA, 42 U.S.C. §§ 16901-16962.

[7] This statute has been amended effective September 1, 2009. *See* 2009 Tex. Sess. Law Serv. Ch. 661 (H.B. 2153); 2009 Tex. Sess. Law Serv. Ch. 755 (S.B. 689).

point in time, Plaintiff is facing no imminent threat of future harm. He has yet to be legally affected by the challenged statutes, and if they change in the interim, he may never be affected by them. Because his alleged harm will not arise until he must register as a sex offender, the threat of such harm does not qualify as immediate. Consequently, Plaintiff's claims are not ripe.

Plaintiff contends that his "claim ripened the moment he was sentenced and ordered to register." (Resp. to Valdez Mot. at 2; Resp. Federal Mot. at 6.) The Court, however, ordered him to register only as a part of his conditions of supervised release which will occur after his release from imprisonment. (*See* Judgment in Cause No. 3:06-CR-0369-O(01), docs. 43 and 50 (re-entered judgment after motion to vacate).) He does not allege that he has already registered or is otherwise subject to any penalty for failing to register. Until Plaintiff faces an immediate danger of sustaining a direct injury from the registration requirements, his claims are premature and unripe.

Plaintiff also argues that the issues are ripe because he will have to comply with the registration statutes upon his release and that federal litigation can sometimes take years to complete. (Resp. to Valdez Mot. at 2; Resp. Federal Mot. at 6.) The time to complete federal litigation does not determine the ripeness of claims. Furthermore, the Federal Rules of Civil Procedure are equipped to handle, and in some cases expedite, proper requests for preliminary injunctions and temporary restraining orders. *See* Fed. R. Civ. P. 65. Use of Rule 65 may reduce or eliminate the perceived harm caused by future federal litigation.

Plaintiff further argues that he does not have to suffer an injury-in-fact before challenging the registration laws through a declaratory judgment action. (*See* Resp. Bates Mot. at 5; Resp. Federal Mot. at 5.) However, his own arguments and sources recognize that the threat of future harm must remain real and immediate throughout the litigation. (*See* Resp. Bates Mot. at 5; Resp.

7

Federal Mot. at 5.) The lack of immediacy makes the timing of Plaintiff's challenges premature.

In conclusion, the prematurity of this action makes Plaintiff's claims abstract or hypothetical to some extent. Although the issues may be fit for judicial decision as the time for registration draws nearer, the withholding of court consideration of Plaintiff's claims until a later date will cause no more than insignificant hardship to Plaintiff. Plaintiff has presented no irremediable adverse consequences from requiring him to make his challenges at a later date. Consequently, the Court should grant the three Rule 12(b)(1) motions to dismiss, and dismiss the claims against the moving Defendants. There is no need to address Defendant's arguments regarding standing or their alternative Rule 12(b)(6) motions.

### III.  CLAIMS AGAINST DEFENDANT ABBOTT

Plaintiff has also brought claims against Greg Abbott, the Attorney General of Texas. Because these claims suffer from the same prematurity as Plaintiff's claims against the moving defendants, the Court should dismiss them as well. The federal courts appropriately raise issues of ripeness *sua sponte*. *See Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993).

### IV.  CONCLUSION

The Court should **GRANT** the three motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) (docs. 5, 10, and 12), and dismiss Plaintiff's claims against Defendants Bates, Valdez, Holder, and Jacks. It should also *sua sponte* dismiss Plaintiff's claims against Defendant Abbott because such claims are also not ripe. Because these rulings dispose of all the claims raised in this action, the Court should **DISMISS** the entire action for lack of jurisdiction.

**SO RECOMMENDED on this 27th day of July, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE