# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2010

Lyle W. Cayce
Clerk

No. 09-10808

RONALD C. PEARSON,

Plaintiff-Appellant

v.

ERIC HOLDER, et al.,

Defendants-Appellees

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Ronald Pearson, currently incarcerated in Texas, challenges the Sex Offender Registration and Notification Act (SORNA)[1] and state sex-offender laws as unconstitutional on the grounds that they impermissibly label those convicted of receipt of images of child pornography as "sex offenders." Pearson was convicted of this crime and will be required to register as a sex offender when his sentence expires.[2] He brought this action under 42 U.S.C. § 1983, suing numerous federal, state, county, and city officers

---

[1] *See* 42 U.S.C. §§ 16901 *et seq.*

[2] 42 U.S.C. § 16913(b) (mandating a sex offender to register before the completion of his sentence).

in their official capacities. The district court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(1), after determining that Pearson's claims were not ripe because he will not be required to register as a sex offender until he completes his sentence in 2012 or 2013.[3] We reverse and remand for further proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

"We review a district court's determination that there existed a justiciable controversy de novo."[4]

## II. ANALYSIS

Based on our *de novo* review, we disagree with the district court's conclusion that this case is not ripe. Pearson has shown that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury [is] both real and immediate, not conjectural or hypothetical."[5] When determining ripeness, we must balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.[6] Both of these factors weigh in favor of Pearson.

## A. FITNESS FOR DECISION

The issues presented by this case make it fit for judicial decision. Pearson correctly asserts that it is inevitable that he will have to register as a sex offender on his release from prison. "[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify

---

[3] 42 U.S.C. § 16913(a).

[4] *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).

[5] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotation marks and citations omitted).

[6] *Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007).

judicial intervention."[7]   "Where the inevitability of the operation of a statute against certain individuals is patent, it is irrelevant to the existence of a justiciable controversy that there will be a time delay before the disputed provisions will come into effect."[8]  "[I]ssues have been deemed ripe when they would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now."[9]  There is no need for further factual development here: The only potential contingency that could affect Pearson's case would be action by Congress, which we find unlikely.

Other circuits have held that prisoners need not wait until the completion of their sentences to challenge their supervised release,[10] and we have implied as much.[11]  The Eleventh Circuit, however, has held that a prisoner may not bring a constitutional challenge to a sex offender registration law while he is still in prison.[12]  That court held that a challenge to the sex offender statutes was unripe when the prisoner had three years left on his sentence, reasoning that there would be no hardship in waiting and the laws at issue could be changed before the release date.[13]  In contrast, the court saw no problem with allowing the prisoner to challenge his supervised release on direct appeal.[14]

---

[7] *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993).

[8] *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 143 (1974).

[9] *Simmonds v. INS*, 326 F.3d 351, 359 (2d Cir. 2003).

[10] *See, e.g., United States v. Loy*, 237 F.3d 251 (3d Cir. 2001); *United States v. Zinn*, 321 F.3d 1084 (11th Cir. 2003).

[11] *See generally United States v. Paul*, 274 F.3d 155 (5th Cir. 2001) (failing to address the ripeness issue, but allowing a prisoner to challenge a supervised release before the completion of a sentence).

[12] *See United States v. Veal*, 322 F.3d 1275, 1278-79 (11th Cir. 2003).

[13] *Id.* at 1278.

[14] *Id.*

3

As we perceive no difference between a constitutional challenge to a statute and a direct appeal of a supervised release, we conclude that the ripeness inquiry for both should be coextensive. If there were to be a problem with bringing a separate constitutional challenge, it would be handled through the Supreme Court's admonishment against collaterally challenging a conviction through a § 1983 action, as laid out in *Heck v. Humphrey*.[15] We will not decide this issue without briefing in either the district court or here, and we think it prudent for the district court to engage this issue first, which it can do on remand.

## B. HARDSHIP

"[E]ven where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness."[16] Failure to resolve this case now could be harmful to Pearson. He is scheduled to be released from prison in the next few years, and there is no assurance that an already pending case or one filed after Pearson's would conclude before he is required to register as a sex offender.[17] Most cases in which prisoners' supervised releases were held to be unripe involved situations in which the remaining duration of the sentence was much longer than Pearson's.[18]

---

[15] 512 U.S. 477 (1994).

[16] *Texas v. United States*, 497 F.3d at 498.

[17] *See Edwards v. I.N.S.*, 393 F.3d 299, 306 (2d Cir. 2004) (holding a claim ripe because if the courts did not adjudicate the claim at that time, the convict might be deported).

[18] *See, e.g., Simmonds*, 326 F.3d at 360-61 (holding that the claim was unripe because the prisoner would not be released for at least ten years, but also holding that the prisoner need not wait until after his release to bring his claim); *United States v. Thomas*, 198 F.3d 1063, 1065 (8th Cir. 1999) (holding that a remaining sentence of over a decade was too long to grant ripeness, but noting that the prisoner may petition for relief before his supervised release begins).

No. 09-10808

## III. CONCLUSION

Inasmuch as Pearson's release date is only some two years hence, we conclude that his case is sufficiently ripe for adjudication. There is no further factual uncertainty, and Pearson could suffer harm if his claims are not adjudicated as soon as practicable.

REVERSED and REMANDED.