IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD PEARSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 3:09-CV-00682-O |
| | § | |
| ERIC HOLDER, et. al., | § | |
| Defendants. | § | |

**VERIFIED MOTION TO RECONSIDER**
**THE COURT'S ORDER DATED DECEMBER 14, 2010**

COMES NOW the Plaintiff, again participating pro se, and moves the Court pursuant to Fed. R. Civ. P., Rule 59(e), and Rule 60(a), 60(b)(1) and (6), to reconsider, set-aside or alter its December 14, 2010 order and grant relief from the judgment order. The Plaintiff asks the Court, pursuant to Rule 15(a) to allow the filing of the Amended Complaint. In support of said motion, Plaintiff would show the Court:

1)   That the Court was aware that Plaintiff is an inmate at Seagoville FCI, is untrained in the law and participates in pro se fashion.

2)   That defendant Valdez, by her Government lawyer, filed a technical motion to dismiss Plaintiff's Amended Complaint on

December 13, 2010, received by the Plaintiff on December 14, 2010. See Exhibit A.

3) That the Fifth Circuit Court of Appeals filed its judgment mandate on December 14, 2010 reversing the District Court's prior dismissal on procedural grounds. See Exhibit B.

4) That the Appeals Court's decision specifically found that "Pearson has shown that he 'has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury is both real and immediate, not conjectural or hypothetical.'" See Exhibit C.

5) The Appeals Court directly found that "Failure to resolve this case now could be harmful to Pearson." "Pearson could suffer harm if his claims are not adjudicated as soon as possible."

6) The 5th Circuit reversed and remanded "for further proceedings consistent with this opinion."

7) Plaintiff's asserts that deciding the <u>merits</u> of his claims both in his original Complaint and the Amended Complaint were exactly the meaning of "proceedings consistent with this opinion" as directed by the Appeals Court.

8) Plaintiff was not even afforded the normal 10 day period in which to respond to pre-trial motions in a civil case where the Court immediately issued an order of dismissal the next day following; further, had Plaintiff simply been allowed

the normal response period, he could have cured any technical procedural defect without the need to re-file the litigation and pay additional costs.

9) That the Appeals Court filed its mandate December 14, 2010 the very same date that the District Court again chose to avoid deciding the merits and again dismissed the suit on procedural grounds.

10) That Plaintiff's oversight and ommission to seek permission prior to filing an Amended Complaint prejudiced no one as no party defendant had ever filed a responsive pleading. See Rule 60(a).

11) That Plaintiff's mistake, inadvertence or excusable neglect as to the technical 15(a) filing harmed no party defendant and the Court may relieve a party or its legal representative from a final judgment, order, or proceedings for those grounds. See Rule 60(b)(1) and (6).

12) That the Court Sua Sponte is certainly aware that inmates are not to be held to the same standard as Government lawyers in the preparation of pleadings and motions and further, that the Court is required to liberally construe pro se, incarcerated Plaintiff's filings before the Court to determine whether he is entitled to relief on any reasonable theory.

13) That pursuant to Rule 15(a), Plaintiff respectfully requests the Court to liberally construe his First Amended Complaint and grant permission for the filing thereof (First

Amended Complaint previously tendered to the Clerk for filing).

14) That the motion is submitted in good faith and in furtherance of the Appeals Court's previous appellate decision in <u>Pearson v. Eric Holder, et. al.</u>, No: 10808 (5th Cir. 2010).

WHEREFORE, inmate Pearson, proceeding pro se, moves the Court to set-aside its December 14, 2010 judgment order, grant his motion under Rule 15(a), and allow both the filing of the Amended Complaint and the resolution of the issues upon the merits in the above cause of action. A Memorandum of Law in support of the motion is also tendered.

Respectfully submitted,

*/s/ Ronald Pearson*
Ronald Pearson
Reg. No. 36037-177
FCI Seagoville
P.O. Box 9000
Seagoville, Texas 75159-9000

## AFFIRMATION

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 22, 2010.

*/s/ Ronald Pearson*
Ronald Pearson

-4-

## CERTIFICATE (PROOF) OF SERVICE

I certify that on _December 22_, 2010, I served the foregoing "Verified Motion to Reconsider the Court's Order Dated December 14, 2010" by pre-paid first class mail in the prison mail system addressed to:

One (1) original and two (2) copies to:

>   Clerk, U.S. District Court
>   for the Northern District of Texas
>   Earle Cabell Federal Building
>   1100 Commerce Street
>   Dallas, Texas  75242

AND

One (1) copy to:

>   Tammy Ardolf, Assistant District Attorney
>   Frank Crowley Courts Building
>   133 N. Industrial Blvd., LB19
>   Dallas, Texas  75207-4399

AND

One (1) copy to:

>   William F. Glazer, City Attorney
>   Office of City Attorney
>   P.O. Box 469002
>   Garland, Texas  75046-9002

_/s/ Ronald Pearson_
Ronald Pearson

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 20, 2010

Lyle W. Cayce
Clerk

No. 09-10808

RONALD C. PEARSON,

          Plaintiff-Appellant

v.

ERIC HOLDER, et al.,

          Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

WIENER, Circuit Judge:

  Plaintiff-Appellant Ronald Pearson, currently incarcerated in Texas, challenges the Sex Offender Registration and Notification Act (SORNA)[1] and state sex-offender laws as unconstitutional on the grounds that they impermissibly label those convicted of receipt of images of child pornography as "sex offenders." Pearson was convicted of this crime and will be required to register as a sex offender when his sentence expires.[2] He brought this action under 42 U.S.C. § 1983, suing numerous federal, state, county, and city officers

---

[1] See 42 U.S.C. §§ 16901 et seq.

[2] 42 U.S.C. § 16913(b) (mandating a sex offender to register before the completion of his sentence).

in their official capacities. The district court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(1), after determining that Pearson's claims were not ripe because he will not be required to register as a sex offender until he completes his sentence in 2012 or 2013.[3] We reverse and remand for further proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

"We review a district court's determination that there existed a justiciable controversy de novo."[4]

## II. ANALYSIS

Based on our *de novo* review, we disagree with the district court's conclusion that this case is not ripe. Pearson has shown that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury [is] both real and immediate, not conjectural or hypothetical."[5] When determining ripeness, we must balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.[6] Both of these factors weigh in favor of Pearson.

### A. FITNESS FOR DECISION

The issues presented by this case make it fit for judicial decision. Pearson correctly asserts that it is inevitable that he will have to register as a sex offender on his release from prison. "[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify

---

[3] 42 U.S.C. § 16913(a).

[4] *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).

[5] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotation marks and citations omitted).

[6] *Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007).

2

judicial intervention."[7] "Where the inevitability of the operation of a statute against certain individuals is patent, it is irrelevant to the existence of a justiciable controversy that there will be a time delay before the disputed provisions will come into effect."[8] "[I]ssues have been deemed ripe when they would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now."[9] There is no need for further factual development here: The only potential contingency that could affect Pearson's case would be action by Congress, which we find unlikely.

Other circuits have held that prisoners need not wait until the completion of their sentences to challenge their supervised release,[10] and we have implied as much.[11] The Eleventh Circuit, however, has held that a prisoner may not bring a constitutional challenge to a sex offender registration law while he is still in prison.[12] That court held that a challenge to the sex offender statutes was unripe when the prisoner had three years left on his sentence, reasoning that there would be no hardship in waiting and the laws at issue could be changed before the release date.[13] In contrast, the court saw no problem with allowing the prisoner to challenge his supervised release on direct appeal.[14]

---

[7] *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993).

[8] *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 143 (1974).

[9] *Simmonds v. INS*, 326 F.3d 351, 359 (2d Cir. 2003).

[10] *See, e.g., United States v. Loy*, 237 F.3d 251 (3d Cir. 2001); *United States v. Zinn*, 321 F.3d 1084 (11th Cir. 2003).

[11] *See generally United States v. Paul*, 274 F.3d 155 (5th Cir. 2001) (failing to address the ripeness issue, but allowing a prisoner to challenge a supervised release before the completion of a sentence).

[12] *See United States v. Veal*, 322 F.3d 1275, 1278-79 (11th Cir. 2003).

[13] *Id.* at 1278.

[14] *Id.*

3

As we perceive no difference between a constitutional challenge to a statute and a direct appeal of a supervised release, we conclude that the ripeness inquiry for both should be coextensive. If there were to be a problem with bringing a separate constitutional challenge, it would be handled through the Supreme Court's admonishment against collaterally challenging a conviction through a § 1983 action, as laid out in *Heck v. Humphrey*.[15] We will not decide this issue without briefing in either the district court or here, and we think it prudent for the district court to engage this issue first, which it can do on remand.

## B. HARDSHIP

"[E]ven where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness."[16] Failure to resolve this case now could be harmful to Pearson. He is scheduled to be released from prison in the next few years, and there is no assurance that an already pending case or one filed after Pearson's would conclude before he is required to register as a sex offender.[17] Most cases in which prisoners' supervised releases were held to be unripe involved situations in which the remaining duration of the sentence was much longer than Pearson's.[18]



---

[15] 512 U.S. 477 (1994).

[16] *Texas v. United States*, 497 F.3d at 498.

[17] *See Edwards v. I.N.S.*, 393 F.3d 299, 306 (2d Cir. 2004) (holding a claim ripe because if the courts did not adjudicate the claim at that time, the convict might be deported).

[18] *See, e.g., Simmonds*, 326 F.3d at 360-61 (holding that the claim was unripe because the prisoner would not be released for at least ten years, but also holding that the prisoner need not wait until after his release to bring his claim); *United States v. Thomas*, 198 F.3d 1063, 1065 (8th Cir. 1999) (holding that a remaining sentence of over a decade was too long to grant ripeness, but noting that the prisoner may petition for relief before his supervised release begins).

## III. CONCLUSION

Inasmuch as Pearson's release date is only some two years hence, we conclude that his case is sufficiently ripe for adjudication. There is no further factual uncertainty, and Pearson could suffer harm if his claims are not adjudicated as soon as practicable.

REVERSED and REMANDED.

Case: 09-10808   Document: 00511320908   Page: 1   Date Filed: 12/14/2010
Case 3:09-cv-00682-O   Document 35   Filed 12/28/10   Page 11 of 13   PageID 380

**EXHIBIT B**

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

December 14, 2010

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 09-10808, Ronald Pearson v. Eric Holder, et al
    USDC No. 3:09-CV-682

Enclosed, for the Northern District of Texas, Dallas only, are copies of the judgment issued as the mandate and the Court's opinion.

The electronic copy of the record has been recycled.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: *Melissa Ventura*
                Melissa R. Ventura, Deputy Clerk

cc: (letter only)
Ms. Tammy Jean Ardolf
Mr. William Frank Glazer
Ms. Angie Lee Henson
Mr. Ronald Bradford Neighbor
Honorable Reed Charles O'Connor
Mr. Ronald C. Pearson

P.S. to Judge O'Connor: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD PEARSON,<br>　　Plaintiff,<br><br>v.<br><br>ERIC HOLDER, *et. al.*,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:09-CV-00682-O |

### ORDER OF DISMISSAL

Before the Court is Defendant Valdez's Motion to Strike Plaintiff's Amended Complaint and Brief in Support (ECF No. 31) filed on December 13, 2010.

On October 20, 2010, the Fifth Circuit issued an opinion reversing this Court's dismissal and remanding for further action. Prior to the filing of a mandate or judgment by the Fifth Circuit, Plaintiff filed a First Amended Complaint (ECF No. 29) without asking leave pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Having considered the motion and applicable law, the Court finds that the motion should be and is hereby **GRANTED**. Therefore, it is **ORDERED** that Defendant Valdez's Motion to Strike is **GRANTED**. Plaintiff's Amended Complaint is stricken from the record.

Additionally, Defendant Mitch Bates' Second Motion to Dismiss for Failure to State a Claim (ECF No. 30) is therefore **DENIED as moot**.

**SO ORDERED** this **14th** day of **December, 2010.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

