IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD C. PEARSON, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:09-CV-0682-O |
| § | |
| § | |
| ERIC HOLDER, *et. al.*, § | |
| Defendants § | |

**FEDERAL DEFENDANTS'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendants Eric Holder, United States Attorney General, and James T. Jacks, United States Attorney for the Northern District of Texas (Federal Defendants), file this reply to Plaintiff Ronald C. Pearson's response to their motion to dismiss the first amended complaint (complaint). The complaint fails to state a claim against the Federal Defendants upon which this Court can grant relief.

**Proper Parties**

In response to the Federal Defendant's assertion that they cannot be sued under 42 U.S.C. § 1983, Pearson responded that he is not suing them just under section 1983. He claims the lawsuit is also brought under 28 U.S.C. §§ 1331, 1343, 1391 and 2201. The Federal Defendants deny that his complaint attempts to state a claim under any of these statutes. Indeed, the Fifth Circuit, this Court, and the Magistrate Judge all interpreted the original complaint as being brought only under section 1983. "He brought this action

under 42 U.S.C. § 1983." *Pearson v. Holder*, 624 F.3d 682, 683 (5th Cir. 2010). "In April 2009, Plaintiff filed this civil action . . . pursuant to 42 U.S.C. § 1983." (Doc. 21 at 2; Doc. 23.) Moreover, Pearson's complaint is titled "42 U.S.C. § 1983 Complaint for Declaratory and Injunctive Relief." (Doc. 40.) In the first paragraph, or introduction, to the complaint, Pearson states, "This is an action under 42 U.S.C. § 1983." (*Id.* at 1.) Under subdivision "I. Jurisdiction," Pearson states that the Court has subject matter jurisdiction "pursuant to the provisions of 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343." (*Id.* at 2-3.) But even if Pearson did mean to bring suit under the other statutes, his complaint fails to state a claim under any of them.

Although section 1331 does provide the Court with jurisdiction over real cases or controversies involving a federal question, the complaint must state a claim for relief cognizable under the Constitution or federal law. Pearson's complaint fails to state such a claim. As discussed in the motion to dismiss, the Federal Defendants cannot be sued under section 1983. (Doc. 43 at 3-4.) Section 1331, therefore, does not provide the Court with subject matter jurisdiction as it pertains to the Federal Defendants.

Section 1343, like section 1983, does not apply to federal officers acting under color of federal law. *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972). Section 2201 does not provide jurisdiction over any type of lawsuit. *Skelly Oil Co. v. Phillips*

*Petroleum Co.*, 339 U.S. 667, 671 (1950). Section 1391 is a venue statute. It, therefore, does not provide jurisdiction over any type of lawsuit.

The jurisdictional paragraph in the complaint goes on to state that sections 2201 and 1983 give the Court jurisdiction to issue injunctive and declaratory relief. But because the Federal Defendants cannot be sued under section 1983, whatever relief is available under that statute is irrelevant here. Section 2201 is not a jurisdictional statute, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. at 671, and although it is true that in a proper action under section 2201, the Court can issue declaratory relief, this is not a proper action under that statute.

Section 2201 is known as the Declaratory Judgment Act. To bring a claim for a declaratory judgment, the plaintiff must establish that an actual controversy exists, one that is substantial and concrete and that touches the legal relations of the parties with adverse interests. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1987); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). A court's assumption of jurisdiction over a declaratory judgment action is not automatic or obligatory. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Pearson waived appeal, a waiver that the appellate court found to be knowing and voluntary. *United States v. Pearson*, 373 Fed. Appx. 481 (5th Cir. 2010). He has not raised the issue in any authorized post-conviction motions. *See United States v. Pearson*, 3:06-CR-369-O. His conviction and sentence are final. The rules and obligations regarding his sentence are already known. Pearson just does not want to live by them.

Federal Defendants's Reply to Plaintiff's Response to Motion to Dismiss First Amended Complaint - Page 3

An action for a declaratory judgment is not a substitute for an appeal of a criminal sentence, post-conviction collateral relief, or any other action seeking relief from a criminal sentence. He has exhausted the avenues for relief from his conviction and sentence. Moreover, the Federal Defendants have not threatened Pearson with any action.

There is no actual controversy, and the parties do not have adverse legal interests of the kind required for a declaratory judgment. Indeed, the only basis to support an allegation that the Federal Defendants have an adverse legal interest to Pearson is that he has sued them. Prior to the filing of this lawsuit, no adverse legal interests existed.

In short, Pearson wants the court in a civil action to change his criminal sentence that was imposed under a statute that he admits was held constitutional by the Fifth Circuit in *United States v. Whaley*, 577 F.3d 258 (5th Cir. 2009).[1] (Doc. 40 at 60.) There are no legal relations to be defined, and there is no actual controversy.[2] Pearson fails to state a claim under section 2201.

**Laches and Res Judicata**

Pearson asserts, without more, that the Federal Defendants are barred by laches and res judicata from raising the defense that the complaint fails to state a claim. Not

---

[1] Although the Fifth Circuit had not decided *Whaley* when Pearson filed his original complaint, it was decided in July 2009, some 19 months before he filed his amended complaint. 577 F.3d at 258.

[2] If Pearson is allowed to proceed under section 2201, any defendant unhappy with his sentence could claim a justiciable controversy and continue to attack that sentence beyond direct appeal and motions under 28 U.S.C. § 2255.

Federal Defendants's Reply to Plaintiff's Response to Motion to Dismiss First Amended Complaint - Page 4

only does he misunderstand both doctrines, they do not apply to a motion under Rule 12(b)(6).  A 12(b)(6) motion can be raised at any time before appeal.  *Brown v. Louisiana Office of Student Financial Assistance*, Civ.  Action No. 3:06-CV-0950-R, 2007 WL 103028 at *1 (N.D. Tex. Jan. 11, 2007);  FED. R. CIV. P. 12(h).

### Conclusion

The complaint should be dismissed under Rule 12(b)(6) as it applies to the Federal Defendants because they cannot be sued under section 1983.  Alternatively, the complaint should be dismissed under Rule 12(b)(6) because Pearson cannot maintain an action under section 1983 that would implicate the validity of his sentence.[3]

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

 /s/ *Angie L. Henson*
ANGIE L. HENSON
Assistant United States Attorney
1100 Commerce St., Suite 300
Dallas, Texas  75242
Texas Bar No. 09492900
Telephone:  214.659.8600
Fax: 214.767.2916
Angie.Henson@usdoj.gov

---

[3] Pearson's claim that the Federal Defendants's assertion that he is using this lawsuit to collaterally challenge his sentence is "inapposite" is not addressed here.  (Doc. 51 at 5.)  The Federal Defendants believe the issue is appropriately discussed in their motion to dismiss.  (Doc. 43 at 4-5.)

## CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I also certify that a copy of this document was served upon Ronald C. Pearson, Plaintiff *Pro Se*, Reg. No. 36037-177, FCI Seagoville, P.O. Box 9000, Seagoville, TX  75159-9000, by first class mail, and upon all other parties, or their attorneys of record, by electronic delivery on this 22nd day of March, 2011.

                                             /s/ *Angie L. Henson*
                                             Angie L. Henson
                                             Assistant U.S. Attorney