IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD C. PEARSON, | § | |
|     Plaintiff, | § | |
| vs. | § | Case No.: 3:09-CV-0682-O |
| ERIC HOLDER; et al., | § | |
|     Defendants. | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS VALDEZ' AND BATES' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT

COMES NOW, Ronald C. Pearson, Plaintiff pro se and files this response in opposition to Defendants Valdez' and Bates' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support pursuant to Fed. R. Civ. P. Rule 12(b)(6). In opposition, Plaintiff would show the Court:

### I.

### BACKGROUND

Plaintiff filed this action under 28 U.S.C. §§ 1331, 1343, 2201 and 42 U.S.C. § 1983 to challenge the Texas State Sex Offender laws as to Defendants Valdez, Bates and Abbott

(hereinafter "State Defendants").  Valdez filed a motion to dismiss when this case was before this Court previously.  The Court granted the motion on the sole ground that Plaintiff's claims were not ripe for adjudication.  See Pearson v. Holder, 2009 U.S. Dist. Lexis 70017 (N.D. Tex., Aug. 7, 2009).

Plaintiff appealed and the Fifth Circuit reversed and remanded, finding Plaintiff's claims are indeed ripe for adjudication on the merits.  The Fifth Circuit stated:

> "'issues have been deemed ripe when they would not benefit from any further factual development and where the court would be in no better position to adjudicate the issues in the future than it is now.'  There is no need for further factual development here[.]"

Pearson v. Holder, 624 F.3d 682, 684 (5th Cir. 2010) (quoting Simmonds v. INS, 326 F.3d 351, 359 (2nd Cir. 2003)).

## II.

## ARGUMENT

State Defendants' Motions to Dismiss should be DENIED and barred because of the holding in <u>Pearson v. Holder</u>, 624 F.3d 682 (5th Cir. 2010).

### A.

### PLAINTIFF'S CLAIMS ARE NOT BARRED BY HIS PLEA AGREEMENT

In <u>U.S. v. Pearson</u>, 373 Fed. Appx. 481 (5th Cir., April 19, 2010), Pearson asserted only "his appeal waiver [was] not enforceable because he could not waive his right to challenge a sentence that had yet been imposed." Id. No other challenge was addressed by the Court and therefore, only in regard to this assertion, the Court did not state Plaintiff's waiver applied to anything else, including supervised release conditions.

In fact, the Fifth Circuit addressed the supervised release challenge stating:

> "most cases in which prisoners' supervised releases were held to be unripe involved situations in which the remaining duration of the sentence was much longer than Pearson's."

Id. <u>Pearson</u>, 624 F.3d at 685. Therefore, the Circuit Court saw no issue with the District Court to address any supervised release claims since "[f]ailure to resolve this case now could be harmful to Pearson." Id.

B.

## STATE DEFENDANTS' HECK v. HUMPHREY ARGUMENT IS INAPPOSITE

Plaintiff's case is clearly distinguishable from both inmates in Heck v. Humphry, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). The Heck assertion is inapposite on the grounds that Heck sought compensatory damages; Plaintiff does not seek any monetary award whatsoever. Heck sought punitive damages, Plaintiff does not. Heck did not seek injunctive relief whereas Plaintiff seeks such relief. The State Defendants' are expanding Heck beyond what is permissible under even the most liberal construction of Supreme Court precedent.

In Edwards, that inmate sought a declaration granting early release from prison by virtue of invalid procedures used to deprive him of good time credits which would result in early release. Plaintiff is seeking declaratory relief invalidating State statutes, not a prison administration rule affecting his early release from prison. The Fifth Circuit expressly held that "Pearson was convicted of this crime and will be required to register as a sex offender when his sentence expires." Id. Pearson at 683. The challenged statute even contains a provision that a sex offender must register before the completion of his sentence. Tex. Code Crim. Proc. Art. 62.001 et seq..

The State Defendants' argue that Plaintiff is attempting to collaterally attack his sentence; however the only overlap exists in the contents of his supervised release conditions. This contention must fail because other statutes, such as 18 U.S.C. § 3583(e)(2), give this Court jurisdiction to modify by deletion or other means the terms and conditions of supervised release at any time before the completion of that term. This provision is not considered a collateral attack; therefore the unrelated challenge of one item in his lengthy supervised release is hardly a "collateral attack" as in the meaning of 28 U.S.C. §§ 2242 and 2255. See also the analogous case of <u>U.S. v. Lightfoot</u>, ___ F.3d ___ (9th Cir. Nov. 30, 2010) No. 09-30063 where the Ninth Circuit held that a waiver of collateral attack does not bar a defendant from moving to reduce his sentence.

C.

**PLAINTIFF WILL IMMINENTLY BE HARMED BY SHERIFF VALDEZ' DIRECT ACTION**

Defendant Valdez' claims regarding Plaintiff's residence fails miserably in the fact that Plaintiff's residence and domicile is in Garland, Texas at 1132 Rock Creek Drive, clearly within Dallas County. He only temporarily resides in federal prison at F.C.I. Seagoville, which is also within Dallas County. Defendant Valdez alleges she has no responsibility whatsoever in the passage of the State Sex Offender Statutes. Regardless, she is vested the duty to enforce those laws passed by the

legislature and will be the one to arrest Plaintiff for suspected violation of these challenged vague laws.

There is no question about where Plaintiff will return to live. He owns the property located at 1132 Rock Creek Drive, Garland, Texas 75040 and is therefore "domiciled" there. Further, Plaintiff was arrested at his home and pursuant to 18 U.S.C. § 3605 must be released to the arresting jurisdiction upon the completion of his imprisonment barring any motion to change his release jurisdiction under §3605, which is not forthcoming. There is no question that Defendants Bates and Valdez will work in concert or individually to arrest Plaintiff for any suspected violation of these challenged vague laws.

### D.

### STATE DEFENDANTS' ARGUMENTS ARE BARRED BY LACHES AND RES JUDICATA

The first round in District Court resulted in the decision that this case was not ripe for adjudication. No Defendant even asserted their three (3) defensive claims relating to Plaintiff's plea agreement and the Heck argument. The failure to state a claim argument was also dismissed by this Court when it was not included in the recommendations for dismissal. The last time this case was before this Court, circumstances did not preclude those arguments; Defendants just failed to raise them. That failure to raise claims when they could have previously is prohibited under the Doctrine of Res Judicata and therefore has

preclusive effect. Furthermore, the time which has elapsed since those arguments could have been raised has now lengthened to over a year, clearly bringing States Defendants' present assertions now within the realm that the Doctrine of Laches prohibits.

It is important to note that the Fifth Circuit held that "Pearson has shown that he 'has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury [is] both real and immediate, not conjectural or hypothetical.'" "[W]e percieve no difference between a constitutional challenge to a statute and a direct appeal of a supervised release." Pearson, supra at 684.

### III.

### CONCLUSION

There is no factual uncertainty about where Plaintiff will live upon release from prison. He will return to his home in Garland, Texas. State Defendants named herein are proper parties because they are directly responsible for enforcing state law within the juridiction where Plaintiff lives. State Defendants will be the parties responsible for effecting arrest warrants for suspected violations of the challenged vague Sex Offender laws.

The Appeals Court in Pearson, also stated that "[t]he issues presented in this case make it fit for judicial decision." Id. The poorly developed arguments now presented by State Defendants in favor of a dismissal under Rule 12(b)(6), are futile and barred by both doctrines of res judicata and laches. State Defendants failed to assert their arguments when this case was before this Court previously; however, they clearly could have been raised and are therefore disallowed now. Plaintiff and all Defendants are bound by these procedural doctrines and the State Government should not be given special privilege they in effect seek to have a liberal construction afforded their attempt to dismiss significant Constitutional issues on a procedural technicality when a pro se party would not be afforded that same preferential treatment. See Haynes v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007) (Per curium).

WHEREFORE, Plaintiff prays this Court **DENY** State Defendants' Motions to Dismiss Plaintiff's Amended Complaint and permit the adjudication on the merits of this case as mandated by the Fifth Circuit Court of Appeals' admonishment:

> "There is no further factual uncertainty, and Pearson could suffer harm if his claims are not adjudicated as soon as practicable[,]"

Pearson at 685, and for any other just and proper relief in the premises.

## AFFIRMATION

I, Ronald C. Pearson, hereby certify that the above and forgoing is true and correct pursuant to 28 U.S.C. § 1746.

*Ronald C. Pearson*
Ronald C. Pearson

Respectfully submitted,

*Ronald C. Pearson*
Ronald C. Pearson
Reg. No. 36037-177
F.C.I. Seagoville
P.O. Box 9000
Seagoville, Texas  75159-9000

## CERTIFICATE (PROOF) OF SERVICE

I hereby certify that on the 22nd day of March, 2011, I placed the original and suitable copies of "Plaintiff's Response in Opposition to Defendants Valdez' and Bates' Motions to Dismiss Plaintiff's Amended Complaint and Brief in Support" in the prison mail receptacle via First Class USPS, postage pre-paid, addressed to:

One (1) original and two (2) copies to:

> Clerk of the Court
> U.S. District Court
> Northern District of Texas
> Earle Cabell Federal Building
> 1100 Commerce Street
> Dallas, Texas  75242

AND

One (1) copy to:

> James Jacks
> U.S. Attorney
> Northern District of Texas
> Earle Cabell Federal Building
> 1100 Commerce Street, 3rd Floor
> Dallas, Texas  75242
>
> Greg Abbott
> Texas Attorney General
> Price Daniel, Sr. Building
> 209 West 14th & Colorado Street
> P.O. Box 12548
> Austin, Texas  78711-2548
>
> William F. Glazer
> City Attorney's Office
> P.O. Box 469002
> Garland, Texas  75046-9002
>
> Tammy Jean Ardolf
> District Attorney's Office
> Frank Crowley Courts Building
> 113 N. Industrial Blvd., LB19
> Dallas, Texas  75207-4399

*/s/ Ronald C. Pearson*
Ronald C. Pearson

March 22, 2011

Dear Judge O'Connor,

Enclosed are the court's copies of my response to the motions to dismiss filed by Defendants Bates and Valdez. I also mailed a copy to the U.S. Attorney, et. al.

I am still trying to find a way to make copies of my "Petition for Permission for Leave to File Second Amended Verified Complaint" (with numerous exhibits).

I would assume that by now you have received my letter of March 17, 2011 and trust an appropriate time line can be provided for me to move forward with this most complicated situation.

Respectfully,

Ronald C. Pearson

