IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD PEARSON, | § | |
| Plaintiff, | § | |
| | § | No. 3:09-CV-00682-O |
| v. | § | |
| | § | |
| | § | |
| ERIC HOLDER, *et. al.*, | § | |
| Defendants. | § | |

## ORDER

Before the Court are

(1) Defendant Valdez's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (ECF No. 41) ("Valdez Mot."), filed on February 7, 2011, and Plaintiff's Response in Opposition to Defendants Valdez' and Bates' Motions to Dismiss (ECF No. 55);

(2) Defendant Mitch Bates' Third Motion to Dismiss for Failure to State a Claim (12(b)(6) and 8(d)(1)) and Brief in Support (ECF No. 42) ("Bates Mot."), filed on February 8, 2011, Plaintiff's Response (ECF No. 55), and Defendant Bates' Reply (ECF No. 56);

(3) Federal Defendants's Motion to Dismiss First Amended Complaint with Memorandum Brief (ECF No. 43) ("Fed. Mot."), filed on February 15, 2011, Plaintiff's Response (ECF No. 51), and Federal Defendants's Reply (ECF No. 54); and

(4) Defendant Greg Abbott's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support (ECF No. 61) ("Abbott Mot."), filed on April 26, 2011.

Having reviewed the motions, the Court finds that each motion should be and is hereby **GRANTED**

for the reasons discussed below.

## I.      PRELIMINARY ISSUE

Plaintiff Pearson filed a Petition for Leave to File Second Amended Verified Complaint

(ECF No. 60) pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  The Fifth Circuit has

stated a liberal standard for determining whether to grant a motion to amend pleadings.  "Under Rule

-1-

15(a), 'leave to amend shall be freely given when justice so requires,' and should be granted absent some justification for refusal." *U.S. ex. rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 230 (1962)); Fed. R. Civ. P. 15(a).

Despite this liberal standard, determining whether to grant or deny leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). The district court may consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." *Willard*, 336 F.3d at 387. Because of the Fifth Circuit's liberal standard and Plaintiff's status as a *pro se* prisoner, the Court **GRANTS** leave for Plaintiff to file a second amended complaint. Accordingly, Plaintiff's complaint, attached to his motion for leave (ECF No. 60) is deemed filed and any reference to the complaint in this order will come from that document unless otherwise specified.

## II.    BACKGROUND[1]

On December 20, 2007, Plaintiff was sentenced to 70 months imprisonment and supervised release for the remainder of his life for receiving child pornography through interstate and foreign commerce, pursuant to 18 U.S.C. § 2252A. Plaintiff accepted a plea agreement and pled guilty to the federal sexual offense. As part of the conditions of his sentence, Pearson was ordered to comply with certain conditions of supervised release, including registering as a sex offender. He also waived his right to appeal. On August 1, 2008, Pearson filed a motion to vacate under 28 U.S.C.

---

[1]Background information related to Plaintiff's federal criminal conviction is taken from matters of public record in Cause Nos. 3:06-CR-369-O and 3:08-CV-1327-O.

§ 2255 alleging inefficient assistance of counsel.  Despite the waiver of appeal in his plea agreement, this Court found that there is *per se* ineffective assistance of counsel where an attorney fails to file an appeal after a defendant makes such a request.  Through that motion, he was granted the right to pursue an out-of-time appeal of his federal conviction.

On September 21, 2009, Pearson filed a direct appeal of his criminal conviction, naming in the notice of appeal both the final order and judgment denying his motion requesting modification of the terms of his supervised release.  On May 13, 2010, the Fifth Circuit returned an order affirming the finding of this Court and stating that "the record shows that Pearson's appeal waiver provision was valid and should be enforced."  *United States v. Pearson*, 373 F. App'x 481, 481-82, 2010 U.S. App. LEXIS 8019 (5th Cir. Apr. 19, 2010).  The Fifth Circuit affirmed this Court's ruling denying Pearson's motion to modify and supplement the record.  *Id.*

Plaintiff filed the instant case on April 15, 2009 challenging the constitutionality of the federal and Texas sex offender registration laws under 42 U.S.C. § 1983.  Orig. Compl. 1-2, ECF No. 1.  Plaintiff seeks a permanent injunction prohibiting the Defendants from enforcing the statutes as well as a declaration that each statute is unconstitutional because of the effect it would have on his future employment, housing, and interaction with the community.  Pl.'s 2d Am. Compl. ¶¶ 118-20.  In August 2009, the Court adopted the conclusion of the United States Magistrate Judge finding that the Plaintiff's claims were not ripe for adjudication and dismissing the case for lack of jurisdiction.  *See* ECF No. 24.  Plaintiff appealed the final judgment and the Fifth Circuit concluded that this case is sufficiently ripe for adjudication.  *See* ECF No. 33.  The case was remanded with a recommendation that this Court should consider whether Plaintiff can bring a separate constitutional challenge under the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477

(1994). *Pearson v. Holder*, 624 F.3d 682, 685 (5th Cir. 2010).

Defendants Valdez and Bates move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both initially argue that Pearson's claims are barred by the waiver contained in his plea agreement. *See* Valdez Mot. 3-4, ECF No. 41; Bates Mot. 5-6, ECF No. 42. Both also argue that the claims are barred by the prohibition in *Heck* against bringing a collateral attack under § 1983. *See* Valdez Mot. 4-5; Bates Mot. 6. Finally, Valdez argues that Pearson fails to allege sufficient facts for a § 1983 claim, and Bates states that Pearson brings the claim against him in his official capacity and has failed to demonstrate a genuine dispute with the City of Garland. *See* Valdez Mot. 5-6; Bates Mot. 7. On April 26, 2011, Defendant Greg Abbott also filed a Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support (ECF No. 61). Defendant Abbott reiterated Defendants Valdez and Bates' arguments. *See* ECF No. 61. Although Plaintiff has not yet responded specifically to this motion, he has responded to the previous motions to dismiss and thoroughly briefed each issue mentioned by Defendant Abbott. *See* ECF No. 55.

The Federal Defendants argue that (1) they cannot be sued under § 1983 and (2) Pearson cannot challenge his sentence under *Heck*. Fed. Mot. 3-5, ECF No. 43. In his response to the Federal Defendants' motion, Plaintiff argued that his claims were brought not only under § 1983, but also under 28 U.S.C. §§ 1331, 1343, 1391, 2201. Pl.'s Resp. to Fed. Mot. 4, ECF No. 51. After the Federal Defendants responded to his assertions regarding these alternative statutes, Plaintiff filed for leave to amend his complaint with the main purpose of clarifying this Court's jurisdiction as it relates to the Federal Defendants. *See* Pet. Permission Leave File 2d Am. Verified Compl.1, ECF No. 60. Although the Federal Defendants have not had a chance to respond to Plaintiff's Second Amended Complaint, their reply to their motion to dismiss discusses the additional statutes

-4-

considered by the Plaintiff.  *See* Fed. Reply, ECF No. 54.

## III.   LEGAL STANDARD

### A.      Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Iqbal*, 129 S.Ct. at 1949-50.  When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

In ruling on a motion to dismiss under 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and

any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

### B.    28 U.S.C. § 1915A

Even where Defendants have not moved for dismissal under Rule 12, a district court may dismiss a prisoner's claims pursuant to 28 U.S.C. § 1915A.  Under § 1915A,  "a prisoner's civil rights complaint should be dismissed if it is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).  A complaint may be dismissed for failure to state a claim "if it appears that no relief could be granted under any set of facts that might be proved consistent with the complaint's allegations." *Id.*  A complaint is considered frivolous "if it lacks an arguable basis in law or fact." *Id.*

## IV.    DISCUSSION

Plaintiff Pearson challenges the constitutionality of the registration requirements, 42 U.S.C. § 16911, *et seq.*, and enforcement provision, 18 U.S.C. § 2250, of the federal Sex Offender Registration and Notification Act ("SORNA") as well as the Texas Sex Offender Registration Program ("TSORP").  The Court will first consider the arguments made by the Federal Defendants regarding the applicability of Plaintiff's § 1983 claims against them and then will move to the constitutionality of the registration and enforcement provisions.

### A.    Federal Defendants

The Federal Defendants argue that a § 1983 claim based on the facts present in this case cannot be brought against federal officers.  Fed. Mot. 3.  They state that § 1983 does not apply to

federal officers acting under color of federal law. *Id.* Pearson filed his response alleging that as an alternative to § 1983, the Federal Defendants are proper parties under 28 U.S.C. §§ 1331, 1343, 1391, 2201. Pl.'s Resp. to Fed. Mot. 4. Additionally, Plaintiff's second amended complaint adds these additional statutes as providing jurisdiction over the federal officers. Pl.'s 2d Am. Compl. ¶1.

Despite Plaintiff's attempts to clarify jurisdiction, none of the statutes added to his complaint cure the jurisdictional deficiencies cited by the Federal Defendants. Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This statue provides for federal question jurisdiction. However, the complaint must still state a cognizable claim under the Constitution or federal law. This statute cannot be used as a substitute where § 1983 does not apply. Next, Plaintiff alleges that his claims are brought under 28 U.S.C. § 1343, which provides that district courts have original jurisdiction over various civil actions based on civil rights violations. *See Franklin v. State of La.*, 247 F.3d 241, 2001 WL 43547, at *1 (5th Cir. 2001). Section 1343 does not authorize an award of damages against the United States or federal officials in their official capacity. *See Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972). Section 1391 is a venue statute stating the situations in which a civil action may be brought. 28 U.S.C. § 1391. Accordingly, Mr. Pearson may not rely on this statute for his civil rights claims.

Finally, Plaintiff alleges that his claims are brought under 28 U.S.C. § 2201, the Declaratory Judgment Act. Section 2201 provides for a mechanism by which a court "may declare the rights and other legal relations of any interested party seeking such declaration" if there is "a case of actual controversy." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "is not an independent ground for jurisdiction [and] permits the award of declaratory relief only where other bases for jurisdiction

are present." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  The Act "is procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law for section 1331 to afford jurisdiction of a declaratory judgment suit."  *Lowe v. Ingalls Shipbuilding, A Div. of Litton, Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984).  "Unless the request for declaratory relief is tied to another cause of action within the jurisdiction of the federal court, it must be dismissed."  *Montero v. Davis*, 283 F. App'x 206, 207 (5th Cir. 2008) (citing *Earnest*, 690 F.2d at 1203).  Therefore, the Plaintiff must provide another basis for subject matter jurisdiction in order to allow his complaint to survive a motion to dismiss.  *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, __ F.3d __, 2011 WL 870724 (5th Cir. 2011).

Federal Defendants are correct in their arguments in their motion to dismiss and  reply brief regarding each of the statutes cited by Plaintiff.  However, prisoner *pro se* § 1983 pleadings are to be construed liberally.  *Wesson v. Oglesby*, 910 F.2d 278, 279 (5th Cir. 1990).  Accordingly, the Court will construe Plaintiff's complaint as alleging a *Bivens* action against the Federal Defendants, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Stephenson v. Reno*, 28 F.3d 26, 27 n.1 (5th Cir. 1994).

### B.    Registration Requirements - *Heck v. Humphrey*

The Fifth Circuit's opinion remanding the instant case instructed this Court to consider whether Plaintiff can bring a separate constitutional challenge under *Heck*, or whether it would be considered an impermissible collateral attack.  *Pearson*, 624 F.3d at 685.  *Heck* established the following rule:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

> invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 487-88. The Supreme Court's decision in *Heck* represents a refusal to expand the opportunities for collateral attacks so as to ensure finality and consistency in criminal proceedings. *Id*. at 484-85.

Although the holding in *Heck* was limited to money damages, the Supreme Court has extended that holding to include declaratory relief. *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). The Fifth Circuit has also applied *Heck* to federal prisoner plaintiffs bringing *Bivens* actions against federal defendants. See *Stephenson*, 28, F.3d 26, 27 (5th Cir. 1994). Accordingly, the critical inquiry in this case is whether a judgment in favor of the plaintiff in this civil action would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87.

The Fifth Circuit has not yet ruled on whether *Heck* would bar a challenge to the constitutionality of a supervised release requirement. Most cases in this circuit relating to the constitutionality of sex offender registry analyze the applicability of *Heck* where an individual challenges his imprisonment for violation of the registration requirement. *See Hall v. Attorney General of Tex.*, 266 F. App'x 355, 356 (5th Cir. 2008). In such cases, claims under § 1983 are seen as indirect challenges to incarceration and are not cognizable until the plaintiff proves that the incarceration was reversed or declared invalid. *Id.* In *Heck*, the Supreme Court considered an inmate challenging his conviction. *Id.* at 479. However, the Court stated that a § 1983 claim would be barred if a judgment in favor of the plaintiff would invalidate not only the defendant's conviction but also his *sentence*. *Id.* at 487.

-9-

As represented by statutory language and case law, the requirement that Pearson register as a sex offender was part of his sentence.  Upon completion of his term in prison, Pearson will be required to register as a sex offender, pursuant to the sentence ordered by this Court on December 20, 2007.  *See* 3:06-CR-369-O, ECF No. 43.  Under 18 U.S.C. § 3583, "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment." § 3583(a) (emphasis added).  Under the same statute, the Court is required to order a defendant to comply with the requirements of SORNA as a condition of supervised relief.  *Id.* § 3583(d).  Beyond the inclusion of the registration requirement in a sentencing statute, other circuits have stated that supervised release is part of a defendant's sentence.  *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (stating a defendant on supervised release is "in custody" pursuant to his sentence for purposes of seeking habeas relief); *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) (finding supervised release to be part of the defendant's original sentence and quoting 18 U.S.C. § 3583).  The requirement that Pearson register as a sex offender was part of his sentence and therefore his challenges should be considered in the Court's *Heck* analysis.

The next question the Court must ask is whether a judgment in favor of Pearson, finding the sex offender registry statutes unconstitutional, "would necessarily imply the invalidity" of his sentence.  *Heck*, 512 U.S. at 487-88.  In *Green v. Grampre*, the Fifth Circuit found that a prisoner's challenge to the statutes under which he was convicted for practicing medicine without a license did "amount to an attack on his conviction."  388 F. App'x 437, 438 (5th Cir. 2010).  The circuit court affirmed the district court's holding that a successful outcome for Green would imply the invalidity of his criminal conviction.  *Id.*  Similarly here, a successful outcome for Pearson would imply the

invalidity of his criminal conviction for a sexual offense.  *See Savickas v. Walker*, 180 F. App'x 592, 593-94 (7th Cir. 2006) (finding challenge to electronic detention as condition of supervised release to be barred by *Heck*); *Bleeke v. Server*, No. 1:09-CV-228 PPS APR, 2010 WL 299148, at *5 (N.D. Ind. Jan. 19, 2010) (finding *Heck* to bar wife and children's § 1983 claims relating to parole conditions for a sex offender); *Rouse v. Ritter*, No. 07-cv-2291-BNB, 2008 WL 1746978, at *2 (D. Colo. Apr. 10, 2008) (finding request for money damages for classification as sex offender barred by *Heck*).

Finally, the Court must consider whether a dismissal of Plaintiff's claims related to the constitutionality of the registry requirements would preclude him from any federal court remedy for his claims.  Finding that a plaintiff's § 1983 claims are barred by *Heck* does not eliminate his ability to proceed under a direct appeal or petition for post-conviction relief.  *See Nail v. Cater*, No. 1:09-CV-267-JVB, 2008 WL 4858391, at *3 (N.D. Ind. Nov. 6, 2008).  As *Heck* makes clear, "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck*, 512 U.S. at 481.

Plaintiff argues that his claims are not barred by *Heck* by distinguishing the relief sought and the facts of the Supreme Court's holding in *Edwards*.  Pl. Resp. 4-5, ECF No. 55.  The Court does not find Plaintiff's arguments to be persuasive.  Having reviewed the relevant pleadings and law, the Court finds that Plaintiff's § 1983 and *Bivens* claims regarding the registration requirements against Valdez, Bates, Abbott, and the Federal Defendants are barred by the Supreme Court's decision in *Heck*.  Accordingly, Plaintiff's challenges to the constitutionality of the registration requirements of SORNA and TSORP should be and are hereby **DISMISSED**.

-11-

### C.      Enforcement Provision

Although the Court has found that Plaintiff's challenges to the constitutionality of the registration provisions of SORNA and TSORP are barred under *Heck*, the Court does not dismiss his challenges to the enforcement provision, 18 U.S.C. § 2250, on the same basis.  The registration requirement is part of Pearson's sentence, and therefore barred by *Heck*.  However, the enforcement provision, which makes it a separate crime to fail to register, is not part of Pearson's sentence. Section 2250(a) states that an individual who is required to register under SORNA and "knowingly fails to register or update a registration as required . . . shall be fined under this title or imprisoned not more than 10 years, or both."  Although the Court does not find Plaintiff's challenges to this provision to be barred by *Heck*, the Court dismisses Plaintiff's allegations pursuant to its authority under 28 U.S.C. § 1915A.

Plaintiff argues that both the registration and enforcement provisions of SORNA violate several provisions of the Constitution, including: the Commerce Clause,  the Ex Post Facto Clause, the Due Process Clause (procedural and substantive), the Non-Delegation Doctrine, the Administrative Procedures Act ("APA"), the Ninth Amendment, the Tenth Amendment, the Unfunded Mandate Reform Act of 1995, the prohibition against bills of attainder, the constitutional construction canon in para materia, the Supremacy Clause, the Privileges and Immunities Clause, Equal Protection Clause, Takings Clause, the Contracts Clause, the Eight Amendment, the First Amendment, and the Double Jeopardy Clause.  Plaintiff does not appear to delineate between which of these provisions he perceives to violate the registration provision and which violate the enforcement provision of SORNA.  However, Plaintiff's complaint only discusses the enforcement provision in claiming violations of (1) the Commerce Clause, (2) the Ex Post Facto Clause, (3) the

-12-

Non-Delegation Doctrine, and (4) the prohibition against bills of attainder.  After considering each of these four claims, the Court finds that Plaintiff's arguments are foreclosed by previous cases finding SORNA and § 2250 constitutional.

First, Plaintiff argues that the enforcement provision of SORNA is in violation of the Commerce Clause.  Pl.'s 2d Am. Compl. ¶¶ 20-34.  In his complaint, Plaintiff recognizes that "the 5th Circuit in *U.S. v. Whaley*, 577 F.3d 258 (5th Cir. 2009) held that failure to register was a criminal law violation to be constitutional."  Pl.'s 2d Am. Compl. ¶ 157.  Despite recognizing the Court's holding, Plaintiff requests that this Court "revisit that holding."  *Id.*  Under the doctrine of *stare decisis*, a district court is bound by the decisions of its jurisdiction's appellate court.  Accordingly, this Court will not "revisit" the Fifth Circuit's holding.

In *Whaley*, the Court found that "[t]hrough §2250, Congress has forbidden sex offenders from using the channels of interstate commerce to evade their registration requirements, and we have no doubt that it was within its power under the Commerce Clause to do so."  *Whaley*, 577 F.3d at 258.  Other circuits have found similarly.  *See e.g. United States v. Guzman*, 591 F.3d 83, 90 (2d Cir. 2010) ("It comes as no surprise, then, that we join every other circuit that has examined the issue in concluding that § 2250(a) is a legitimate exercise of congressional Commerce Clause authority.")  Accordingly, the Court rejects Plaintiff's arguments under the Commerce Clause.

Second, Plaintiff argues that SORNA and its enforcement provision violate the Ex Post Facto Clause.  Pl.'s 2d Am. Compl. ¶¶ 39, 52.  Again, the Fifth Circuit and others have already considered this argument and rejected it.  *See United States v. Johnson*, 632 F.3d 912, 917-18 (5th Cir. 2011) (finding SORNA does not violate the Ex Post Facto Clause despite arguments that it is punitive, non-civil, and exposes an individual to criminal prosecution for non-compliance); *United States v.*

*Fuller*, 627 F.3d 499, 508 (2d Cir. 2010) (holding where SORNA applied to criminal defendant upon its enactment, argument relating to ex post facto clause is foreclosed); *United States v. Waddle*, 612 F.3d 1027, 1029-30 (8th Cir. 2010) (finding § 2250 does not violate the Ex Post Facto Clause where defendant traveled in interstate commerce and failed to register after the enactment of SORNA). SORNA and the TSORP were already enacted at the time of Plaintiff's criminal prosecution, and therefore, the Court rejects his arguments under this clause.

Third, Plaintiff's complaint argues that Congress impermissibly delegated a crucial decision to the attorney general, concerning whether SORNA should be retroactively applied. Pl.'s 2d Am. Compl. ¶ 78. He states that included in this decision was whether to retroactively expose individuals to criminal liability under § 2250. *Id.* ¶ 80. The Fifth Circuit has previously considered whether SORNA violates the non-delegation doctrine and rejected such claims. *United States v. Johnson*, 632 F.3d 912, 917 (5th Cir. 2011) (citing *United States v. Whaley*, 577 F.3d 254, 260-64 (5th Cir. 2009)). Although the Plaintiff's complaint refers to the imposition of criminal liability, he writes generally about the delegation to the attorney general in the underlying registration requirements. *See* Pl.'s 2d Am. Compl. ¶ 78 (referring to 42 U.S.C. § 16913(d)). Accordingly, the Court rejects Plaintiff's claims relying on the non-delegation doctrine.

Fourth, Plaintiff alleges that SORNA is a bill of attainder because it adds criminal sanctions on an individual without a judicial trial. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identified individual without provision of the protections of a judicial trial." *SBC Commc'ns, Inc. v. F.C.C.*, 154 F.3d 226, 233 (5th Cir. 1998). Although Plaintiff alleges that sex offenders are an identifiable group, there is no basis for the claim that SORNA denies these individuals a trial. Both prior to the imposition of the registration

-14-

requirements, as part of the individual's criminal proceeding and sentencing, and after a violation of § 2250, an individual is granted a trial. Therefore, Plaintiff does not have a valid claim regarding the enforcement provision as a bill of attainder.

## V.    CONCLUSION

For the foregoing reasons, the Court finds that each of the Defendants' motions to dismiss (ECF Nos. 41, 42, 43, 61) should be and are hereby **GRANTED**. Accordingly, the Court **ORDERS** that Plaintiff's § 1983 and *Bivens* claims related to the registration provisions of SORNA and TSORP are **DISMISSED** pursuant to the Supreme Court's decision in *Heck v. Humphrey*. The Court **FURTHER ORDERS** that Plaintiff's claims related to the enforcement provision of SORNA, 18 U.S.C. § 2250, are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this **29th** day of **April, 2011**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**