IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D
April 30, 2012

Lyle W. Cayce
Clerk

No. 11-10473
Summary Calendar

RONALD C. PEARSON,

          Plaintiff-Appellant

v.

ERIC HOLDER, United States Attorney General; GREG ABBOTT, Attorney General for the State of Texas; LUPE VALDEZ, Sheriff for Dallas County, Texas; MITCH BATES, Garland Chief of Police; JAMES JACKS, U.S. Attorney for the Northern District of Texas,

          Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-682

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

  Ronald C. Pearson, federal prisoner # 36037-177, appeals from the district court's dismissal of his 42 U.S.C. § 1983 lawsuit against various federal and state law enforcement officials alleging that the registration provisions of the federal Sex Offender Registration and Notification Act and the relevant Texas statutes violated his rights under the federal and Texas constitutions. The

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted the defendants' motions to dismiss and held that Pearson's claims were barred in part by *Heck v. Humphrey*, 512 U.S. 477 (1994), and were otherwise subject to dismissal under 28 U.S.C. § 1915A because they were foreclosed by precedent.

A dismissal for failure to state a claim under § 1915A is reviewed under the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Under that standard, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

Pearson argues that the district court erred by dismissing his complaint because: (1) this court held in *Pearson v. Holder*, 624 F.3d 682 (5th Cir. 2010), that his claims could not be dismissed as insufficient or frivolous; (2) the defendants' arguments were barred by res judicata and collateral estoppel because they failed to raise them before his claims were dismissed as unripe; (3) the federal defendants were proper parties under § 1983 and the Declaratory Judgment Act; and (4) *Heck* is not applicable to claims that do not seek money damages. He has also filed a motion to expedite the appeal.

In *Pearson*, the only issue considered was whether Pearson's claims were ripe for adjudication. 624 F.3d at 683-85. This court's decision did not prohibit dismissal of his claims or prevent the defendants from arguing that his claims are subject to dismissal. His allegation that the federal defendants are proper parties under the Declaratory Judgment Act lacks merit. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982). Moreover, the district court liberally construed his § 1983 claims as alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The Supreme Court held in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), that the doctrine set forth in *Heck* was applicable in a § 1983 lawsuit "no matter the relief sought (damages or equitable relief), no matter the target of the

2

prisoner's suit (state conduct leading to conviction or internal prison proceedings)– *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Because Pearson does not challenge the district court's determination that success on his claims would necessarily imply the invalidity of his sentence, he has waived that specific issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Similarly, Pearson has not challenged the district court's determination that his claims against the enforcement provisions of the relevant sex offender registry statutes were foreclosed by precedent.

    Pearson's motion to expedite the appeal is DENIED, and the judgment of the district court is AFFIRMED.